[No. 19987. Department One. December 16, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK W. HILL, *Appellant*.[1]

[1] LARCENY (39)—TRIAL—INSTRUCTIONS—POSSESSION. In a prosecution for voluntarily riding in an automobile with the knowledge that it had been stolen, it was not error, in view of his statements and other circumstances, to give an instruction to the effect that it was not necessary to show actual knowledge of the theft acquired by personal observation; but that it was sufficient if the circumstances were such as to make defendant believe at the time that he was riding in a stolen automobile.

Appeal from a judgment of the superior court for King county, Douglas, J., entered January 23, 1926, upon a trial and conviction of the larceny of an automobile. Affirmed.

*Henry Clay Agnew*, for appellant.

*Ewing D. Colvin* and *John J. Dunn*, for respondent.

MITCHELL, J.—The appellant and one Lee Ruyle were jointly charged with the crime of unlawfully and voluntarily riding in and upon a 1924 Maxwell coach, the property of one H. Pierce, in King county, Washington, the automobile having been intentionally and unlawfully taken and driven away without the permission of the owner or the person entitled to the possession thereof, the said Lee Ruyle and Frank Hill, and each of them, then and there having knowledge of the fact that the automobile was unlawfully taken. Lee Ruyle pleaded guilty. Frank Hill pleaded not guilty, was tried and convicted, and has appealed.

There was no dispute in the evidence that the car was a Maxwell car, owned by H. Pierce who was entitled to and in possession of it, and that it was taken from him without his permission. Both of the ac-

¹Reported in 251 Pac. 280.

cused persons testified at the trial. Each accused the other of having taken the automobile. Both of them, and others, testified to a number of separate and independent trips taken by the accused persons, driving the car after it was taken. Some of the witnesses said that, on one or more of such trips, the appellant drove the car and stated that it was his. On the last trip, the license plates on the automobile were taken off and others put on. The state showed that the appellant assisted in changing the license plates. This was denied by the appellant. The defense was that the appellant did not know, until at the time of changing the license plates, that the car was a stolen one, at which time he was advised of it by Ruyle; that at that time, two o'clock in the morning, he was a long way from home and had no money to pay his car fare back home; and that he allowed Ruyle to drive him home, after which he had nothing to do with the automobile. The use of the car by the persons accused all took place in King county.

[1] The jury was given an instruction as follows:

"As I have instructed you, one of the essential elements of the crime with which the defendant is charged is knowledge on the part of the defendant at the time he was riding in the stolen automobile, if you believe that it was stolen, that the automobile had been intentionally and unlawfully taken and driven away without the permission of the owner or the person entitled to the possession thereof; but you are further instructed that that knowledge need not necessarily be that actual and positive knowledge which is acquired from personal observation of the theft. It is sufficient if the circumstances were such as to make the defendant believe at any time he was riding in the stolen automobile that the said automobile was stolen."

The giving of this instruction constitutes the only assignment of error. Indeed, no complaint is made of

the instruction other than the last sentence in it.    The objection to the language complained of is explained by the argument—

"If a man honestly rode in an automobile which was going at a speed of fifty-five miles per hour and was suddenly informed by the driver that the car was a stolen car, this instruction makes it the positive duty of such a person to immediately jump out of the car."

The contention is unduly captious or critical and without merit, when we consider the law, other instructions in connection with this one, and the plain purpose of them as bearing upon the facts in the case.

The statute on the subject, Rem. Comp. Stat., §2601-1 [P. C. §240] is as follows:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony."

Under the statute applied to the present case, there must be a combination of three elements or things, as follows: First, that the automobile, being the property of H. Pierce, was intentionally taken by some one without the permission of the owner; second, that the appellant voluntarily rode in or upon the automobile; and third, that at the time of such riding in or upon the automobile the appellant did so with knowledge of the fact that it had been unlawfully taken.

The court instructed the jury that in order to convict the appellant it must be proved beyond a reasonable doubt:

"(1)   That a 1924 Maxwell Coach automobile, the property of H. Pierce, was intentionally and unlawfully taken and driven away by someone without the permission of the owner or person entitled to the possession of said automobile;

"(2)   That the defendant Frank Hill (true name Frank Watson) knew that said automobile had been so taken;

"(3)   That in that knowledge he did voluntarily ride in the said automobile."

The jury was thus instructed upon each of the three elements of the crime charged.

But, lest the jury might think there was necessity that the state show the appellant acquired knowledge from personal observation of the theft, and because there were several separate trips by the appellant in the automobile and the jury might conclude that the state must show that the appellant had knowledge before the first trip of the unlawful taking of the automobile, the court properly deemed it advisable to give further instructions upon this element of knowledge alone.   It is so stated in the instruction which contains the language complained of.   It says nothing whatever about the element of voluntariness in riding in the automobile.   The instruction is in a single paragraph.   It starts off with saying:

"As I have instructed you, one of the essential elements of the crime with which the defendant is charged is knowledge of the defendant at the time he was riding in the stolen automobile, if you believe that it was stolen, that the automobile had been intentionally and unlawfully taken and driven away without the permission of the owner or the person entitled to the possession thereof,"

thus clearly directing the attention of the jury to the element of knowledge already referred to, and then,

by way of elucidation and further advice upon this element of knowledge, said,

". . . But you are further instructed that that knowledge need not necessarily be that actual and positive knowledge which is acquired from personal observation of the theft."

That is, that actual knowledge, such as is acquired by personal observation of the theft, is not indispensably necessary. Then the final sentence—

"It is sufficient if the circumstances were such as to make the defendant believe, at any time, he was riding in the stolen automobile that the said automobile was stolen,"

still speaking of belief or knowledge on the part of the defendant in riding in or upon a stolen automobile. The setting of the language complained of, taken in connection with the whole of the instructions, manifestly could not have misled the jury into the belief that it in any manner weakened the effect of the special instruction upon another element of the crime. Especially must this be so under the facts in this case where, even according to appellant's own testimony, he rode in the automobile, after he learned that it was stolen, a very appreciable distance, so great indeed that one of his excuses was that he didn't have money enough to take him home.

Affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.