[No. 27394.   Department One.   April 20, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. OWEN TULLY, *Appellant*.[1]

[1]Reported in 89 P. (2d) 517.

*Andrew L. Ulvestad,* for appellant.

*B. Gray Warner* and *John A. Neergaard,* for respondent.

MAIN, J.—John Tully was charged by information with the crime of stealing an automobile. In the same information, Owen Tully was charged as an aider and abettor. Both pleaded not guilty, and, when the case was called for trial, John Tully entered a plea of guilty. Thereupon, the case was continued as to Owen, and an amended information was filed, which contained four counts. In the first, the defendant was charged with the theft of an automobile; in the second, with riding in an automobile with knowledge that the same had been stolen; in the third, with having in his possession a firearm, "to-wit: a revolver pistol," which possession was alleged to be unlawful because the defendant had previously been convicted of "a crime of violence"; and in the fourth, with unlawfully having upon his person a pistol when he was not in "his fixed place of abode or fixed place of business." To each of these counts, the defendant pleaded not guilty. At the conclusion of the state's evidence, the court dismissed count I, which contained the theft charge. As to the other three, the defendant was found guilty by the jury, and, from the judgment and sentence, appealed.

The primary question is whether §§ 4 and 5 of the "uniform firearms act" (Laws of 1935, chapter 172, p. 599) are violative of the constitution of this state or the Fourteenth Amendment to the Federal constitution. Section 4, p. 599, Rem. Rev. Stat. (Sup.), § 2516-4 [P. C. § 8839-24], provides that no person who has been convicted of "a crime of violence" shall own a pistol or have one in his possession or under his control. Section 5, p. 599, Rem. Rev. Stat. (Sup.), § 2516-5 [P. C. § 8839-25], provides that no person shall carry a pistol

in any vehicle or conceal it about his person, "except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

In support of his contention that the two sections of the statute mentioned are violative of the constitution of this state, attention is called (a) to Art. I, § 12, which provides that no law shall be passed granting to any citizen or class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations; (b) to Art. I, § 23, which provides that no bill of attainder or *ex post facto* law shall be passed by the legislature; and (c) to Art. I, § 24, which provides that the right of the individual citizen to bear arms in defense of himself or the state shall not be impaired.

No authorities are cited in support of the contention that either one or both of the sections of the statute mentioned are violative of either one or more of the constitutional provisions mentioned; and, so far as we are informed, we know of no authorities supporting any of the contentions. The authorities, so far as they have spoken on the questions, either by analogy or directly, are all to the contrary. *State v. Le Pitre*, 54 Wash. 166, 103 Pac. 27; *In re Rameriz*, 193 Cal. 633, 226 Pac. 914, 34 A. L. R. 51; *People v. McCloskey*, 76 Cal. App. 227, 244 Pac. 930; *Ex parte Thomas*, 21 Okla. 770, 97 Pac. 260, 20 L. R. A. (N. S.) 1007. Other cases might be cited to the same effect, but it does not seem necessary that they be assembled here.

In the information, it will be observed that counts III and IV, which covered the matter of the possession of firearms, were joined with counts I and II, which covered the matter of the theft of the automobile and aiding and abetting in its taking. As to count I, which was dismissed at the conclusion of the state's

case, no comment need be made. The question is whether counts III and IV could be joined in the same information with count II.

Rem. Rev. Stat. § 2059 [P. C. § 9272], provides that, when there are several charges against any person or persons for the same act or transaction, or for two or more acts or transactions connected together, they may be joined in one information in separate counts. Under this section of the statute, the court did not err in permitting all three counts in the information to stand.

Complaint is made of the opening statement of the prosecuting officer to the jury wherein he said that the appellant had previously been convicted of a crime of violence. In order to prove a crime under section 4 of the statute, above mentioned, it was necessary to prove that he had been previously convicted of a crime of violence. To charge a crime under that statute, it was necessary to so allege in the particular count in the information. It being a thing which was necessary to be alleged and proved, there could be no error in the statement to the jury of what the evidence would show.

It is further contended that the evidence was not sufficient to take the case to the jury on count II, in which was the charge of riding in an automobile with knowledge that it had been stolen. Rem. Rev. Stat., § 2601-1 [P. C. § 240], provides that every person who shall, without permission of the owner or persons entitled to the possession thereof, intentionally take or drive away any automobile or motor vehicle, the property of another, shall be deemed guilty of a felony, and every person

". . . voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty"

with the person taking or driving the automobile or motor vehicle and shall be deemed guilty of a felony. To sustain a conviction under this statute, it is sufficient if the circumstances are such as to cause the accused to believe " 'at any time he was riding in the stolen automobile that the said automobile was stolen.' " *State v. Hill,* 141 Wash. 273, 251 Pac. 280.

Without reviewing the evidence offered in support of the charge in count II, it may be said that, after reading and considering that evidence as it appears in the statement of facts, we do not doubt but that the facts and circumstances supported by the evidence were sufficient to take the question to the jury.

The appellant makes some other contentions, but we think these are covered by what has herein been said.

The judgment will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.