[No. 30063. Department Two. October 4, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus by* JAKE MUSTERED, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Jake Mustered, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

SIMPSON, J.—Petitioner has filed in this court his application for a writ of *habeas corpus.* He alleges that he is illegally and unlawfully imprisoned in the state penitentiary. His claim is that November 20, 1943, he was charged with and tried for the crime of rape, and that the jury was discharged by the court when it reported that it could not reach an agreement. That thereafter he was brought to trial and convicted on a charge of carnal knowledge, based upon the same facts and conditions charged in the first case. It is petitioner's contention that he "was placed in double jeopardy," by being tried on two different occasions upon the same facts. A copy of the judgment was attached to the application.

The judgment and sentence, dated April 7, 1944, recites the facts that the petitioner was charged with, tried for, and convicted of the crime of carnal knowledge, and that he was sentenced to imprisonment in the Washington state penitentiary for a period of not more than twenty years. Facts relative to a former trial were not contained in the judgment.

[1]Reported in 173 P. (2d) 188.

The judgment is valid and fair upon its face. It shows the compliance with all the requirements of law relative to trial, judgment, and sentence in criminal actions, and therefore is not subject to attack by petition for a writ of *habeas corpus*. Rem. Rev. Stat., § 1075 [P.P.C. § 58-23]; *In re Grieve*, 22 Wn. (2d) 902, 158 P.' (2d) 73; *In re Bailleaux, ante* p. 60, 173 P. (2d) 122.

The petition for writ of *habeas corpus* is denied.

BEALS, C. J., STEINERT, MALLERY, and CONNELLY, JJ., concur.