[No. 32285.  Department Two.  November 28, 1952.]

*In the Matter of the Application for a Writ of Habeas Corpus of* EUGENE J. PETTUS, *Petitioner, v.* JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Willard J. Roe,* for petitioner.

*The Attorney General* and *Rudolph Naccaroto, Assistant,* for respondent.

OLSON, J.—Petitioner seeks a writ of *habeas corpus* from this court, alleging that he is illegally confined in the state penitentiary.

January 6, 1949, in the superior court for Spokane county, petitioner was sentenced to the penitentiary on his plea of guilty to the crime of assault in the second degree. For reasons which are not material, that judgment and sentence was vacated, and he was returned to Spokane county for trial.

A substitute information was filed against him, charging him in one count with the same offense of assault in the second degree, and in a second count with the violation of RCW 9.41.040 [*cf.* Rem. Rev. Stat. (Sup.), § 2516-4], in that he had in his possession a revolver, which possession was

[1]Reported in 250 P. (2d) 542.

alleged to be unlawful because petitioner previously had been convicted of a crime of violence, namely, burglary in the second degree.

His trial before a jury upon the substitute information, at which he was represented by counsel, resulted in a verdict of guilty on both counts. May 15, 1950, judgment and sentence was entered upon the verdict for a term of not more than ten years on each count, specifying that the terms should run concurrently and commence January 6, 1949, the date petitioner was first confined in the penitentiary upon his original plea of guilty to the charge in count I of the substitute information.

Petitioner questions the validity of his conviction upon two grounds. The first is that the language of count II of the substitute information brought before the jury his previous conviction, and thereby placed his character in issue when he had not testified as a witness in the case, and, in effect, compelled him to give evidence against himself in violation of Art. I, § 9, of the state constitution, and deprived him of a fair trial in violation of both the Federal and state constitutions.

This contention is foreclosed by *State v. Tully*, 198 Wash. 605, 89 P. (2d) 517 (1939). That was an appeal from a conviction upon an information containing four felony counts, one of which charged the same felony as that alleged against petitioner in count II. In that case, as in this, the charge followed the language of the statute, and the joinder of the counts in the information was approved. We held that the statute was not unconstitutional (see *State v. Krantz*, 24 Wn. (2d) 350, 353, 164 P. (2d) 453 (1945)), and that the prior conviction of a crime of violence is a fact which it is necessary for the state to allege and prove to obtain a conviction for its violation. We further held that it was not error for the prosecuting attorney to state to the jury that the evidence would show the prior conviction. Were this not the rule, it would be impossible to accuse and convict any defendant of a violation of this statute, which we have determined to be a valid criminal enactment.

Petitioner's second contention is that, when the sentence upon which he is now detained was imposed, May 15, 1950, and made effective from January 6, 1949, the maximum term of fifteen years to which he was sentenced for a felony, June 21, 1937, had not expired. He argues that, therefore, his present sentence is void because it does not specify that his present term shall not commence until after the expiration of his previous term, in accordance with RCW 9.92.080 [cf. Rem. Rev. Stat., § 2285], reading in part:

". . . whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: . . ."

█ The facts of his previous sentence do not appear upon the judgment and sentence under which he is now detained. That judgment and sentence is valid on its face, issued by a court of competent jurisdiction, and shows compliance with all the requirements of law relative to trial, judgment, and sentence in criminal actions, and, therefore, is not subject to attack by a writ of *habeas corpus*. RCW 7.36.130 (1) [cf. Rem. Supp. 1947, § 1075]; *In re Mustered v. Smith,* 26 Wn. (2d) 171, 173 P. (2d) 188 (1946); *In re Scott v. Callahan,* 39 Wn. (2d) 801, 806, 239 P. (2d) 333 (1951), and cases cited.

The petition is denied.

MALLERY, HILL, HAMLEY, and FINLEY, JJ., concur.

---

January 17, 1953. Petition for rehearing denied.