[No. 462-41089-1.    Division One—Panel 2.    November 9, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT CONLEY, *Appellant*.

*Robert C. Mussehl* and *Dennis R. Barge,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Philip Y. Killien, Deputy,* for respondent.

UTTER, J.—Robert Conley was tried and convicted of violation of the Uniform Firearms Act and grand larceny by possession. He appeals, assigning as error the court's failure to sever counts I and II of the information and a ruling of the court which allowed the state to question him regarding credit cards bearing the names of other persons found in his possession at the time of arrest.

Conley first urges the motion to sever should have been granted inasmuch as RCW 10.37.060, permitting joinder where crimes are based on the same act or transaction, does not apply. At the time of his arrest, police officers stopped Conley for driving with defective equipment. During the issuance of this citation, he was allowed to enter a cafe to purchase cigarettes and never returned. While the officers were still at the car, they received a radio report that an automobile similar to the one stopped was involved in a larceny at a gas station. They then looked into the vehicle where they saw a new automobile tire and the butt of an automatic revolver.

The statute permits joinder against a single defendant if the offenses are based on the same act or transaction, if the crimes are based on two or more acts or transactions connected together, or if they are of the same class of crimes or offenses. *State v. Brunn,* 145 Wash. 435, 260 P. 990 (1927).

We believe joinder is permissible, under the second subsection of the statute. The crimes joined charge Conley with larceny by possession and a possessory violation of the Uniform Firearms Act. The articles illegally possessed were, as previously described, stolen tires and a pistol found in the back seat of the car Conley was driving. At the trial, Conley disclaimed ownership of both articles as well as the automobile he was driving. There was, however, evidence connecting Conley directly with larceny of the tires. From this, it is reasonable to infer Conley's possession of the pistol was in common with his unlawful possession of the tires. The crimes are, therefore, two illegal acts connected by their common occurrence. *State v. McDonald,* 74 Wn.2d 563, 445 P.2d 635 (1968).

Had severance been granted and Conley tried for the firearms violation alone, evidence of his possession of the tires and the circumstances surrounding his acquisition would have been relevant and admissible in establishing the inference he was also in possession of the pistol. *State v. Slaney,* 68 Wn.2d 93, 411 P.2d 426 (1966). If evidence of

one crime is admissible to prove an element of a second, joinder of the two crimes cannot be said to be unlawfully prejudicial, where the criteria of this statute is otherwise met. *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964).

The second ground of alleged error relating to the question of severance, is based on the provision of the Uniform Firearms Act charged, requiring proof of a previous felony conviction as well as possession of a firearm.[1] He urges the joinder placed his character in issue on the grand larceny charge when he had not testified as a witness in the case and that this, in effect, compelled him to give evidence against himself in violation of article 1, section 9 of the Washington State Constitution and deprived him of a fair trial in violation of both federal and state constitutions.

■ This contention has been ruled on in *Pettus v. Cranor,* 41 Wn.2d 567, 250 P.2d 542 (1952) and *State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939). An examination of the briefs in both cases discloses that the precise question before us was before the Washington court in those cases. *Tully* held, "the court did not err in permitting all three counts in the information to stand" when one of the counts was a violation of the Uniform Firearms Act similar to the violation in this case, and the other two counts were charges for the commission of other felonies. Inasmuch as our court has recently ruled on this question, we believe the holding of these cases is determinative.

■ The propriety of the cross-examination involves a review by our court of a discretionary trial court ruling and the question of whether there is a logical relationship between the proposed evidence and the fact to be established. *Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959). All facts are admissible in evidence which afford reasonable inferences or throw any light upon the contested mat-

---

[1]RCW 9.41.040. "Certain persons forbidden to possess arms. No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

ter. *State v. Schock,* 41 Wn.2d 572, 250 P.2d 516 (1952). We cannot say the trial court abused its discretion by finding a logical relationship existed between Conley's possession of credit cards bearing names other than his own and the alleged possession of stolen property attained by use of a forged credit card.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.