**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Mack ROE, Defendant-
Appellant,**

**No. 73-1652.**

United States Court of Appeals,
Tenth Circuit.

April 26, 1974.

---

Harris L. Hartz, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U.

S. Atty., Albuquerque, N. M., with him on the brief), for plaintiff-appellee.

Winston Roberts-Hohl, Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Before PICKETT, BREITENSTEIN and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellate Roe was convicted on a three count indictment arising out of his possession of a "sawed-off shotgun." The first two counts charged violations of the National Firearms Act, 26 U.S.C. § 5861(d) and (i). The third count alleges the interstate transportation of firearms by Roe having been theretofore convicted of a crime punishable by imprisonment for a period of more than one year in violation of 18 U.S.C. § 922(g)(1).[1] The issues presented on appeal relate to the validity of a search and seizure following an arrest, denial of a motion requesting separate trials of Count III and Counts I and II, and the admission of evidence of commission of crimes not charged in the indictment.

The evidence disclosed that during the month of March, 1973, Samuel McDowell, a civilian employee of the United States Department of Defense, was in Monterey, California, attending a naval school. During his stay there McDowell met Roe and a companion at a "drinking establishment" in Monterey. Shortly thereafter, Roe and his companion were occupying a room at a Holiday Inn close to one where McDowell was living. During the late afternoon of March 17, a Negro resembling Roe, using one of McDowell's credit cards and signing McDowell's name to the rental contract, rented a Ford automobile from the Hertz Rent-A-Car Company located at Monroe, California, a short distance from Monterey. On March 18, McDowell discovered that his wallet containing his credit cards was missing. On the 19th of March, accompanied by two friends, Roe left California in the rented automobile. Roe used the McDowell credit cards to pay for gasoline and other expenses of the trip. On the afternoon of March 21, a New Mexico state highway patrolman stopped the car driven by Roe to warn him of a speeding violation. Upon request for his driver's license and proof of car ownership, Roe produced his valid California driver's license and the Hertz Rent-A-Car contract bearing the purported signature of McDowell. In explaining the discrepancy, Roe stated that McDowell was a relative living in California. One of the occupants of the car told the patrolman that Roe had told him that McDowell was in the State of Virginia. Roe and his companions were then taken to the police station in Grants, New Mexico, to be detained until information could be obtained with regard to the Hertz automobile. As a result of inquiries made in California, it was learned that McDowell was in Monterey, California, had reported the loss of his wallet and credit cards, and had not rented the Hertz automobile. Roe was then placed under arrest on a state charge and the car was impounded. The validity of this arrest and the impounding of the automobile is not questioned.

Roe's companions were then released and requested that they be permitted to obtain their personal belongings from the trunk of the Hertz car. The patrolman obtained the car keys and unlocked the trunk. While personal effects were being removed, the patrolman observed a sawed-off shotgun in the trunk. A further search of the car revealed shells suitable for use in the shotgun. It is not disputed that the gun is a firearm as defined in 26 U.S.C. § 5845(a) or that it did not have a serial number, and it was stipulated that Roe had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

---

1. Roe was sentenced to be imprisoned for a period of ten years on Counts I and II to run concurrently, and for probation for five years on Count III to begin at the completion of the sentences on Counts I and II.

We disagree with the contention that the search of the automobile and the seizure of the shotgun shells after the arrest and detention of Roe was unreasonable under the Fourth Amendment. It has long been the rule that warrantless searches and seizures made incident to a lawful custodial arrest are not unreasonable. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L. Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The application of this rule under varying circumstances is discussed in a recent decision by the Supreme Court in United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974).

It is difficult to reconcile all of the United States Supreme Court decisions relating to the validity of searches and seizures after a lawful arrest. It has been said that a valid search and seizure incident to a lawful arrest can be made only when it is "substantially contemporaneous with arrest . . . ." Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); see also Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). It has also been held that "searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention." United States v. Edwards, supra, citing Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Some of these cases seem to turn on the question of whether the search, under the circumstances, was reasonable. Cooper v. California, 386 U.S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730 (1967). This question does not necessarily arise here because if the opening of the trunk to afford Roe's traveling companions an opportunity to obtain their personal effects is to be considered a search, it was made immediately after the determination to impound the automobile and the arrest of Roe. It now appears to be settled that an officer at the time of a lawful custodial arrest may, without a warrant, make a "full" search of the person of the accused, a limited area within the control of the person arrested, and of an automobile in his possession at the scene of the arrest for the discovery and preservation of criminal evidence. United States v. Edwards, supra; United States v. Robinson, supra; Gustafson v. Florida, supra; Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Cf. Cupp v. Murphy, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). Furthermore, the opening of the trunk of the detained automobile was lawful and the illegal gun was then in plain sight and subject to seizure. Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Harris v. United States, 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067 (1968). When evidence of crimes unrelated to the one for which the arrest was made is revealed and seized during a lawful search, it is admissible in a subsequent prosecution. United States v. Robinson, supra; Adams v. Williams, supra. In Ramirez v. Rodriguez, 467 F.2d 822, 824 (10th Cir. 1972), cert. denied, 410 U.S. 987, 93 S.Ct. 1518, 36 L.Ed.2d 185 (1973), we said: "If, in making the search, the officer discovers evidence of another crime, he may seize the evidence and it may be used against the accused at a subsequent trial." We find no error in the denial of the motion to suppress.

One of the necessary elements of the crime charged in the third count of the indictment is that the accused had been previously convicted of a felony. Roe moved for a separate trial on that count, urging that a fair trial could not be had on Counts I and II if tried jointly with Count III where it was necessary to prove a former felony conviction. The motion was denied. The reading to the

jury of the stipulation with reference to Roe's prior conviction was followed by a careful instruction that the conviction should not be considered by the jury with reference to Counts I and II. At the ·close of the Government's case, an order was requested which would have denied the prosecution the right to cross examine the defendant as to prior convictions if he chose to testify in his own behalf. The court refused the request and the defendant did not testify.

■ The charges in the three counts arose out of the same incident and were properly joined in one indictment. Fed.R.Crim.P. 8. The granting of motions for severance under Rule 14, Fed.R.Crim.P., is within the discretion of the trial court and the exercise of this discretion is error only when it has been abused. United States v. Rodgers, 419 F.2d 1315 (10th Cir. 1969). We find no abuse of discretion in the refusal to grant a severance and a joint trial would not affect the right of the accused to testify in his own behalf. The court's instruction limiting the consideration of proof of the previous conviction to the third count, together with similar reference in the general instructions, was adequate to protect the accused from prejudice on the first two .counts. Had separate trials been granted and had Roe elected to testify in his own behalf, the right of the prosecution, for impeachment purposes, to cross examine with reference to prior convictions would have been available, subject to limitations usually imposed in such cases.

■ It is next contended that the admission of evidence of unauthorized use of credit cards by the accused was proof of other crimes and was inherently prejudicial. To establish the offense charged in the third count of the indictment, it was necessary for the prosecution to prove that Roe transported interstate the firearm described therein. The evidence pertaining to the use of the credit cards in California and during the trip through Arizona and into New Mexico was admissible for this purpose,

even though it incidentally tended to establish another crime. United States v. Bridges, 406 F.2d 1051 (10th Cir. 1969); Jones v. United States, 251 F.2d 288 (10th Cir.), cert. denied, 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715 (1958); O'Dell v. United States, 251 F.2d 704 (10th Cir. 1958).

■ Finally it is urged that the sentence imposed is too severe and should be modified. The sentence imposed by the trial court is within the statutory provisions relating to such cases and will not be modified on appeal. United States v. Sierra, 452 F.2d 291 (10th Cir. 1971); Haskins v. United States, 433 F.2d 836 (10th Cir. 1970).

Affirmed.