STATE OF NEBRASKA, APPELLEE, V. JOEL R. EVANS, APPELLANT.
456 N.W.2d 739

Filed June 15, 1990.   Nos. 43863, 43868, 43869, 43870.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and L. Jay Bartel for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

These cases are direct appeals by the defendant, Joel R. Evans, from convictions for robberies, use of a firearm in the commission of felonies, and possession of a firearm by a felon. The robberies were all committed in Omaha, Nebraska, over a period of 12 days in 1980. The sentences imposed amount to imprisonment for 45 to 80 years. The facts surrounding the three cases in which the defendant was convicted after trial are detailed in *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984) (*Evans II*).

The evidence of guilt in each case is overwhelming. In each

appeal the issues, generally, are procedural in nature. This is the fourth time these cases have been before this court.

On July 8, 1981, the judgments were summarily affirmed pursuant to former Neb. Ct. R. of Prac. 20A(8) (rev. 1977) on direct appeal when motions to withdraw by defense counsel were sustained under former Neb. Ct. R. of Prac. 1e(1) (rev. 1977) (*Evans I*). A request by the defendant to proceed pro se was denied on July 28, 1981.

A judgment denying postconviction relief was affirmed December 21, 1984. See *Evans II*.

A second judgment denying postconviction relief was affirmed on October 31, 1986, in *State v. Evans*, 224 Neb. 64, 395 N.W.2d 563 (1986) (*Evans III*).

On February 14, 1989, in *Evans v. Clarke*, 868 F.2d 267 (8th Cir. 1989), in an appeal from the U.S. District Court for the District of Nebraska, the U.S. Court of Appeals for the Eighth Circuit ordered that the defendant be released unless the defendant's previous direct appeals were reinstated and counsel appointed to represent him. As a result of that opinion and the subsequent judgment of the U.S. district court, the defendant's direct appeals to this court (*Evans I*) were reinstated and the public defender of Douglas County, Nebraska, was appointed to represent him. New briefs were filed, and the causes were heard on April 30, 1990.

The opinion in *Evans v. Clarke, supra* at 270-71, stated that the defendant's federal habeas petition, as summarized by the magistrate, included the following claims:

3. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in refusing to call petitioner's brother-in-law as an alibi witness in the trial concerning the robberies at Jack & Mary's Restaurant.

. . . .

5. Petitioner's right to a fair trial under the Sixth and Fourteenth Amendments were violated when the prosecutor—outside the presence of the judge, the petitioner, and his counsel—allegedly communicated with the jury inside the jury room, just prior to the returning of the verdicts in the trial of the Village Inn Pancake House

and Gorat's Steak House robberies.

6. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated because the presentence report prepared by the probation office and used by the trial court in sentencing petitioner purportedly contained false, inaccurate, and misleading information.

The opinion in *Evans v. Clarke, supra* at 271, later stated:

Claims Nos. 3, 5, and 6, however, are unaffected by this analysis. The state appellate court has not yet considered them after full briefing by appointed counsel. So, insofar as these claims are concerned, the District Court was correct in provisionally granting the writ of habeas corpus. We shall affirm its judgment, but modify it so as to provide as follows: the writ will be granted unless, within such reasonable time as the District Court may fix, the Supreme Court of Nebraska reinstates Evans's direct appeal and appoints counsel to brief for him (a) claims 3, 5, and 6 above; (b) any other claims counsel believes to be arguable—for example, questions of state law raised by the record, questions that would necessarily not be included in the list of 7 set out above, because that list includes only claims that would directly justify habeas relief; but not including (c) claims 1, 2, and 4, which the Nebraska Supreme Court has already fully considered and decided.

If Evans loses this reinstated appeal, he is free to prosecute the pending habeas petition, including each of claims 1 through 6 above, subject, of course, to any claim of procedural default that the State might urge. To this end, we direct the District Court, after it modifies its order granting the writ as indicated above, to hold this petition on its docket for further proceedings as and when appropriate.

The judgment is affirmed, as modified in this opinion, and the cause remanded to the District Court for further proceedings in accordance with this opinion.

Claim No. 3 relates to the defendant's contention that trial counsel was ineffective due to his alleged refusal to call the defendant's brother-in-law as an alibi witness in case No. 43863.

That case involved the robberies at Jack and Mary's Restaurant on April 27, 1980. This claim is based on information not contained in the record related to this direct appeal.

To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Grell*, 233 Neb. 314, 444 N.W.2d 911 (1989).

According to a signed statement or letter to the defendant, attached to the motion filed in the defendant's second postconviction action, *Evans III*, the defendant's brother-in-law, Alfred Cosentino, allegedly would have testified that he and the defendant were playing pool some time prior to the robberies at Jack and Mary's Restaurant. This testimony, the defendant maintains, would have proved that it was difficult, if not impossible, for him to have committed the robberies, given the distance involved.

Due to the unique posture of this case, we have again reviewed the postconviction record in *Evans III* and determine that the defendant's assignment of error is without merit. The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel. *State v. El-Tabech*, 234 Neb. 831, 453 N.W.2d 91 (1990); *State v. Jones*, 231 Neb. 110, 435 N.W.2d 650 (1989); *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653 (1989).

The effect of Cosentino's testimony would have been to corroborate the defendant's own story regarding his actions and the money in his possession just prior to the April 27 robberies. Cosentino's signed statement relates that he was waiting outside the courtroom to be called as a witness, but that trial counsel became upset with Cosentino when counsel saw him speaking with an old friend who was a juror in a different case. Because the witness was speaking with the juror, counsel refused to call him to testify.

Given the several eyewitness identifications of the defendant

and his possession, upon arrest, of a large sum of money and a gun similar to that used in the robberies, Cosentino's cumulative testimony would not, with reasonable probability, have changed the result in this case. Accordingly, the defendant has failed to show that trial counsel was ineffective in failing to call Cosentino as a witness.

In claim No. 5, the defendant contends that he was denied a fair trial in cases Nos. 43868 and 43870 because the prosecutor allegedly communicated with the jury—outside the presence of the judge, the defendant, and his counsel—inside the jury room, just prior to the return of the verdicts. The defendant contends that this alleged misconduct of the prosecutor violated his rights under U.S. Const. amends. VI and XIV.

Since there is nothing in any of the records before us to substantiate such a claim, the defendant's assignment is wholly without merit.

In claim No. 6, the defendant claims that his rights under the due process clause of U.S. Const. amend. XIV were violated in all of the cases because the presentence report contained false, inaccurate, and misleading information.

The defendant objects to information in the presentence report that he was arrested for crimes in which there was no prosecution, the charges were dropped, or he was not represented by counsel. Our further review of the sentencing hearing shows that the court was well aware that some of the previous charges were either dismissed or not prosecuted. As in *Evans III*, the defendant fails to explain how the alleged absence of legal representation in any of those cases resulted in false, misleading, or inaccurate information in the report.

The defendant also complains that the report contained information concerning his lack of employment history when, in fact, he had worked at construction and other jobs. The report shows that the defendant was employed by his father from 1973 to 1979 and had worked at numerous jobs since his divorce in 1979. The defendant was not prejudiced by the failure to mention his construction work, especially in light of his own testimony during the trial in case No. 43863 that he was not working regular jobs and was unemployed on the date of the Jack and Mary's robberies.

As to the defendant's assertion that he did not admit to the probation officer that he committed the robberies, contrary to the information contained in the report, it is difficult to understand how this alleged inaccuracy could have prejudiced the defendant. Apart from the fact that the defendant had been found guilty by unanimous jury verdicts in three of the robberies and pled guilty to the fourth robbery, the defendant stated to the court during the sentencing hearing that "[i]f I would have used my head, it probably never would have happened." During the sentencing hearing, the defendant did not deny committing the crimes, but instead acknowledged his guilt. Again, it is difficult to see how the defendant was prejudiced by the allegedly false admissions contained in the presentence report.

In addition to the three claims which have been discussed, the defendant has made other assignments of error. In case No. 43863, involving the robberies at Jack and Mary's Restaurant, the defendant was charged with two counts of robbery, two counts of use of a firearm in the commission of a felony, and one count of possession of a firearm by a felon. The jury found the defendant guilty on all counts.

In this appeal, the defendant alleges (1) trial counsel was ineffective because he failed to make a proper probable cause challenge to the defendant's arrest on April 27, 1980; (2) the trial court committed reversible error when it overruled the motion to sever the felon in possession charge; and (3) trial counsel was ineffective because he failed to dispute the factual allegations in the presentence report.

The test for probable cause for a warrantless arrest is whether, at the time of the arrest, the officer had knowledge of facts and circumstances based on reasonably trustworthy information which was sufficient to warrant a prudent man in believing the defendant had committed or was committing an offense. *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987), *cert. denied* 484 U.S. 924, 108 S. Ct. 285, 98 L. Ed. 2d 246; *Evans III*; *State v. Ware*, 219 Neb. 594, 365 N.W.2d 418 (1985); *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980).

The arresting officer, a Douglas County deputy sheriff, testified that he originally stopped the defendant after the

defendant was observed walking in a field near the Papio Creek, an area which was being watched by authorities for the suspect in the armed robberies at Jack and Mary's Restaurant. The defendant met the description of the robbery suspect aired in the police broadcast. A pat-down search revealed that the defendant was carrying a handgun and $147.88 in cash, including "wads" of $1 and $5 bills and almost $10 in change. The defendant's pants were muddy, although it was a dry evening. The defendant was taken to the robbery scene and was separately identified as the robber by two eyewitnesses, approximately 45 minutes after the crime occurred. There was probable cause to arrest the defendant at that time, and trial counsel cannot be said to have acted ineffectively in failing to raise a meritless issue.

The record shows that prior to trial, defense counsel moved to sever the charge of felon in possession of a firearm because the charge reflected the fact that the defendant had a previous felony record. The motion was overruled. At the end of the State's case, the parties stipulated that if the clerk of the Douglas County District Court were called, he would testify as to the authenticity of a certified copy of judgment and sentence regarding a felony burglary conviction of the defendant. The copy was then admitted as an exhibit. After the State rested, the defendant moved for a mistrial for the reason that the motion to sever should have been granted before the jury was informed of the prior conviction because it "comment[ed] on the Defendant's credibility without him ever having taken the stand . . . ." After the motion for mistrial was overruled, the defendant chose to testify and admitted on cross-examination that he had been twice convicted of a felony and that he had a loaded weapon in his possession on the date of the robberies.

Neb. Rev. Stat. § 29-2002(1) (Reissue 1989) provides that two or more offenses may be charged in the same information if the offenses charged are of the same or similar character or are based on the same act or transaction. Section 29-2002(4) provides that if it appears a defendant would be prejudiced by a joinder of offenses, the trial court may order an election for separate trials of counts in the information.

This court has held that severance is not a matter of right,

and a ruling of the trial court with regard thereto will not be disturbed on appeal absent a showing of prejudice to the defendant. *State v. Nance*, 197 Neb. 95, 246 N.W.2d 868 (1976). Similarly, in *State v. Andersen*, 232 Neb. 187, 201, 440 N.W.2d 203, 214 (1989), we said:

A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed in the absence of an abuse of discretion. If the offenses charged are of the same or similar character, or are based on the same act or transaction, the offenses may be joined in one trial. Neb. Rev. Stat. § 29-2002 (Reissue 1985). The right to separate trials is statutory and depends upon a showing that prejudice will result from a joint trial. The defendant bears the burden of proving that prejudice will result from a joint trial.

In overruling the defendant's motion to sever, the district court properly noted that the charge of felon in possession of a firearm was based on the same act or transaction resulting in the other counts in the information, which consisted of the two armed robbery counts and the two use of a firearm counts from the Jack and Mary's Restaurant robberies on April 27, 1980. The defendant contends, however, that it was "inherently prejudicial to be defending himself on two counts of robbery and at the same time allowing evidence of previous felony convictions before the jury." Brief for appellant in case No. 43863 at 18.

A similar question was considered in *State v. Fournier*, 554 A.2d 1184 (Me. 1989), where the defendant was convicted by a jury of murder and possession of a firearm by a felon. Fournier claimed on appeal that the trial court abused its discretion in refusing to sever the possession of a firearm by a felon count from the murder count. In affirming Fournier's convictions, the Supreme Judicial Court of Maine stated:

Two or more offenses may be framed in one indictment if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan." M.R.Crim.P. 8(a). Here the murder charged in Count I

was committed with the firearm that is the subject of Count III. The two charges thus meet the "connected in any reasonable manner" standard necessary to satisfy the joinder requirements of M.R.Crim.P. 8(a). . . .

Even though the charges may be sufficiently connected to allow joinder in one indictment under M.R.Crim.P. 8(a), the court has discretion to order a severance of charges "[i]f it appears that a defendant ... is prejudiced by a joinder of offenses in an indictment or information...." M.R.Crim.P. 14. In making a Rule 14 determination, the court should balance the policy favoring trials of more than one offense against the potential prejudice to the defendant that may result. . . .

. . . In this case, where both charges arose out of the same transaction, the killing of David Mooers with a firearm, severance of the charges would require, in part at least, duplication of evidence at both trials. . . . The record on appeal does not demonstrate any prejudice other than a claimed general prejudice. Although the charge of possession of a firearm by a felon has the potential for great prejudice to a defendant who is also accused of murder with a firearm, we cannot say as a matter of law, on the basis of the record presented to us, that the court abused its discretion in denying Fournier's motions to sever.

*State v. Fournier, supra* at 1186-87.

In *State v. Thompson*, 55 Wash. App. 888, 781 P.2d 501 (1989), the defendant was charged with two counts of assault in the second degree and one count of unlawful possession of a firearm by a felon. Before trial, Thompson moved to sever the assault counts from the felon in possession charge, claiming that the admission of a prior felony conviction, necessary to prove the felon in possession count, violated his right to remain silent in the assault counts. On appeal, Thompson argued that the State should only be able to introduce his prior conviction if he decided to testify and that by trying the three counts together, he no longer had a meaningful opportunity to remain silent and keep his prior conviction from the jury.

In concluding that the trial court did not abuse its discretion

in denying Thompson's motion to sever, the court said:

In *State v. Tully*, 198 Wash. 605, 608, 89 P.2d 517 (1939), our Supreme Court held that a felon in possession count could be joined in the same information with other counts and that the prior conviction necessary to prove the felon in possession count was properly before the jury at the trial on the joined counts. In a later case, *Pettus v. Cranor*, 41 Wash.2d at 568, 250 P.2d 542, the court rejected the argument that admitting evidence of the prior conviction necessary to prove a felon in possession count compelled a defendant to give evidence against himself. The court reasoned that the argument was foreclosed by *State v. Tully*, 198 Wash. at 608, 89 P.2d 517, 41 Wash.2d at 568, 250 P.2d 542.

We are bound by the holding of the court in *Pettus v. Cranor*, which is directly on point, and must thus reject Thompson's constitutional claim. *Accord State v. Conley*, 3 Wash.App. 579, 581, 476 P.2d 544 (1970); *see also U.S. v. Daniels*, 770 F.2d 1111 (D.C.Cir.1985); *United States v. Silva*, 745 F.2d 840, 843 (4th Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1404, 84 L.Ed.2d 791 (1985); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir.1983); *United States v. Aleman*, 609 F.2d 298 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Roe*, 495 F.2d 600 (10th Cir.), *cert. denied*, 419 U.S. 858, 95 S.Ct. 107, 42 L.Ed.2d 92 (1974).

Our holding does not establish a rule that severance of a felon in possession count is never required. We simply reaffirm the rule that failure to do so in such cases is not a per se constitutional violation. As in all severance cases, the essential issue remains whether the joinder of counts unduly embarrasses or prejudices the defendant. [Citations omitted.] Thus, where a defendant shows that undue prejudice would result from trying the counts together, the trial court will grant a properly made motion to sever.

*State v. Thompson, supra* at 892-93, 781 P.2d at 504.

In the present case, the jury was separately instructed on the elements of each count. With respect to the defendant's prior

felony convictions, the jury was instructed that such evidence could be considered only in assessing the credibility of the defendant's testimony, and not as establishing the truth or falsity of the charges against him, except that the evidence of prior felonies could be considered as establishing an element of the separate charge of felon in possession of a firearm.

The defendant has made no showing of actual prejudice, and the joinder of the felon in possession count with the other counts was not "inherently prejudicial." His assignment of error is without merit.

With respect to the defendant's contention that trial counsel was ineffective in failing to dispute the factual allegations contained in the presentence report, in view of the defendant's failure to establish error in regard to alleged inaccuracies in the presentence report, trial counsel cannot be said to have acted ineffectively or to have prejudiced the defendant's case by failing to raise issues related to the presentence report.

In cases Nos. 43868 and 43870, the cases involving the robberies at Gorat's Steak House and the Village Inn Pancake House, the defendant contends (1) the trial court erred in consolidating the cases for trial; (2) the trial court erred in denying his motion for a mistrial after the note used in the robberies at Jack and Mary's Restaurant had been shown to a witness; (3) trial counsel was ineffective in failing to object to the offer of the note and its reception in evidence; and (4) his rights under U.S. Const. amend. V were violated when the prosecutor allegedly commented on the defendant's failure to testify.

The defendant first challenges the consolidation of these cases for trial pursuant to § 29-2002. Section 29-2002(3) allows consolidation of two or more informations if the offenses involved could have been joined in a single information. Two or more offenses may be joined in a single information pursuant to § 29-2002(1) if they are of the same or similar in character. See, also, State v. Thompson, 231 Neb. 771, 438 N.W.2d 131 (1989); State v. McGuire, 218 Neb. 511, 357 N.W.2d 192 (1984). In this case, although the offenses were not joined in one information, the State made a proper motion to consolidate prior to trial.

There is no question but that the Gorat's and Village Inn robberies were of "the same or similar character." The two robberies occurred within a period of 8 days. In both instances, the descriptions of the robber were similar and the robber utilized written notes containing virtually identical statements, such as "I have a gun," "don't do anything stupid," or "don't be stupid." The handwriting on the notes was similar. In both cases, the robber had the victims place the money in a paper bag and fled on foot. The informations were properly consolidated for trial pursuant to § 29-2002(3).

The defendant claims he was unfairly prejudiced by the consolidation of the informations in contravention of § 29-2002(4), in that "[t]he only result of ordering the robberies joined in this case was to allow the jury to hear separate accusations of robbery toward the Defendant, thus inferring that the Defendant must have committed the crimes charges [sic] because the State surely couldn't be wrong twice." Brief for appellant in cases Nos. 43868 and 43870 at 21.

Joinder or consolidation is not prejudicial error where evidence relating to both offenses would have been admissible in a trial of either offense separately. *State v. Porter, ante* p. 476, 455 N.W.2d 787 (1990); *State v. Thompson, supra*; *State v. McGuire, supra*; *State v. Walker,* 200 Neb. 273, 263 N.W.2d 454 (1978).

Based on the reasoning of *Porter, Thompson, McGuire,* and *Walker,* evidence of either robbery in this instance would have been admissible at a separate trial of the other robbery to establish the defendant's identity and method of operation. Therefore, the defendant was not prejudiced by the consolidation, and the district court did not abuse its discretion in granting the State's motion to consolidate the charges for trial.

The defendant next claims that the district court erred in denying his motion for mistrial because in the trial of the Village Inn robbery, the prosecutor showed a witness a note purportedly written by the defendant and admitted in evidence in the Jack and Mary's trial. This note, which was written on a small piece of white paper, was admitted in evidence in the consolidated trial as exhibit 2 and states: "This Is a Robbery I

Have a Gun Don't Get stupid."

The record shows that the victim of the Village Inn robbery testified that the robber approached him and gave him a note written on a piece of brown paper which said, "I have a gun, don't do anything stupid." Over a foundational objection, this witness was allowed to testify that the penmanship of the note marked as exhibit 2 was exactly the same as in the note used in the Village Inn robbery. Exhibit 2 was subsequently identified by the Gorat's cashier as the note the defendant "slid across to me" when he robbed the restaurant. The note was then received in evidence without objection.

The defendant appears to contend that evidence of the note was irrelevant to the Village Inn and Gorat's robberies for the reason that it was admitted in evidence in the prior Jack and Mary's trial, and claims that trial counsel was ineffective in failing to object to the admission of the note in evidence.

It is not clear from the record that exhibit 2 was the same note that was admitted as exhibit 1 in the Jack and Mary's trial. Assuming, arguendo, that the exhibit was the same note, the defendant's assignment is still without merit. The Gorat's robbery occurred 2 days before the robberies at Jack and Mary's, and the cashier from Gorat's identified exhibit 2 as the note the defendant gave her. There is nothing in the record to preclude the conclusion that the same note was used in both crimes.

Furthermore, Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 1979), allows the admission of evidence of other crimes, wrongs, or acts for the purpose of establishing identity or a particular method of operation. Even if the note received as exhibit 2 in this trial was the same as that received as exhibit 1 in case No. 43863, the note would have been admissible on this basis alone, in view of the identity of circumstances present in each of these cases.

The district court did not err in failing to grant the defendant's motion for mistrial, and the defendant has shown no prejudice arising from trial counsel's failure to object to the admission of the note in evidence.

In *Evans II*, the defendant claimed, as he does in this appeal, that the prosecutor committed misconduct of constitutional

proportions by purportedly commenting on the defendant's failure to testify. In *Evans II*, we concluded that "[t]here is nothing in the record to support the defendant's claim that the prosecutor commented on the defendant's right to remain silent," 218 Neb. at 852, 359 N.W.2d at 793, and noted that the assignment of error was not discussed in the defendant's first postconviction brief.

The assignment is discussed in the defendant's current brief. The only citation to the record made by the defendant to support his assertion of prosecutorial misconduct concerns testimony in which the prosecutor, during cross-examination of a victim of the Gorat's robbery, objected to defense counsel's request to have the defendant stand next to the witness to enable her to make certain physical observations as to the defendant's teeth. The objection was overruled, and the defendant was allowed to display his physical features to the witness and the jury. We again determine that the record does not support the defendant's claim that the prosecutor commented on his right to remain silent.

In case No. 43869, the defendant pled guilty to one count of robbery and one count of use of a firearm in the commission of a felony in the robbery of the Ozko Drug store in Omaha, Nebraska, on April 16, 1980. The factual basis for the pleas was that the defendant entered the store at 4 or 5 p.m. on April 16. Using a loaded .22-caliber handgun, the defendant forced an employee to place approximately $100 in a paper sack. The defendant showed the employee a note telling her it was a robbery and to put the money in the sack. He fled the scene on foot.

In exchange for the defendant's pleas of guilty, 10 additional felony charges against the defendant were dismissed. The defendant's assignments of error in this case relate only to errors allegedly committed during sentencing.

The only error assigned in this case which has not been discussed is the contention that the sentences imposed were excessive. The same assignment was made in all of the other cases.

In case No. 43863, involving the robberies at Jack and Mary's Restaurant, the defendant was sentenced to

imprisonment as follows: count I (robbery)—10 to 15 years; count II (use of firearm)—5 to 10 years, to be served consecutive to the sentence in count I; count III (robbery)—10 to 15 years, to be served concurrently with the sentence in count I; count IV (use of firearm)—5 to 10 years, to be served consecutive to the sentence in count III, but concurrently with the sentence in count II; and count V (felon in possession)—5 years, to be served concurrently with the sentence in count IV.

In case No. 43868, the Village Inn robbery, the defendant was sentenced to imprisonment as follows: count I (robbery)—5 to 10 years, to be served consecutive to any sentences imposed in case No. 43863; and count II (use of firearm)—5 to 10 years, to be served consecutive to the sentence imposed in count I.

In case No. 43870, the Gorat's robbery, the defendant was sentenced to a term of 5 to 10 years' imprisonment, to be served consecutive to all sentences previously imposed.

In case No. 43869, the robbery of the Ozko Drug store, to which the defendant pled guilty, the defendant was sentenced to imprisonment as follows: count I (robbery)—10 to 15 years, to be served consecutive to all sentences previously imposed; and count II (use of firearm)—5 to 10 years, to be served consecutive to the sentence imposed in count I.

Robbery is a Class II felony, punishable by a term of 1 to 50 years' imprisonment. See Neb. Rev. Stat. §§ 28-105 (Reissue 1985) and 28-324 (Reissue 1989). Using a firearm to commit a felony is a Class III felony, punishable by a term of 1 to 20 years' imprisonment, a $25,000 fine, or both. See § 28-105 and Neb. Rev. Stat. § 28-1205 (Reissue 1989). Possession of a firearm by a felon is a Class IV felony, punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. See § 28-105 and Neb. Rev. Stat. § 28-1206 (Reissue 1989).

All the sentences imposed are within the statutory limits. This court has repeatedly held that a sentence imposed within the limits prescribed by statute will not be disturbed on appeal absent an abuse of discretion. *State v. Tyrrell*, 234 Neb. 901, 453 N.W.2d 104 (1990).

Although the defendant claims otherwise, the sentences imposed can in no way be characterized as an abuse of

discretion. As to the charges for use of a firearm in the commission of a felony, § 28-1205(3) requires that the sentences imposed be served consecutively to the primary charges. The robberies for which the defendant was convicted involved the use of a loaded firearm and threats made upon the victims. The fact that none of the victims were injured or killed is merely fortuitous. The defendant was convicted of multiple armed robberies, and as a result of a plea bargain, 10 other felony charges against the defendant were dismissed. The defendant's prior criminal record included two felony convictions. Under the circumstances, it cannot be said that the sentences imposed were excessive.

The judgment of the U.S. district court, dated May 9, 1989, directed that the following claims be briefed by counsel appointed for the defendant:

> e. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated when the trial court admitted the in-court and out-of-court identifications of the petitioner by the various witnesses, given the impermissibly and unnecessarily suggestive pretrial identification procedures.

> f. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in failing to raise a proper due process challenge to the identification testimony elicited at the trials.

> g. Petitioner's rights under the Fifth Amendment were violated when, during the trial of the Gorat's Steak House robbery, the prosecutor committed misconduct of constitutional proportions by purportedly commenting on a failure to testify on the part of the petitioner.

In the opinion in *Evans v. Clarke*, 868 F.2d 267 (8th Cir. 1989), these claims were not designated as claims which this court must consider in deciding the reinstated appeals because they had been considered in *Evans II*, and only g., which has been discussed, was assigned as error in any of the defendant's briefs. However, in compliance with the judgment of the U.S. district court, we have again considered claims e. and f. as set out above and find that they are without merit for the reasons

stated in *Evans II*.
The judgments of the district court are again affirmed.
AFFIRMED.