**STATE of Maine**

v.

**Blaine PIERCE.**

Supreme Judicial Court of Maine.

Argued March 12, 1984.

Decided April 13, 1984.

Gene Libby, Dist. Atty., Michael E. Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Michelle M. Robert (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

The defendant, Blaine Pierce, appeals from his conviction for robbery, 17–A M.R. S.A. § 651 (1983), aggravated assault, 17–A M.R.S.A. § 208 (1983), and theft, 17–A M.R.S.A. § 353 (1983), after a jury trial in Superior Court, York County. The defendant's contentions on appeal are twofold. First, the defendant argues the Superior Court erred in denying his pretrial motion to sever for trial counts one through three of the indictment from counts four and five, and in denying his later motion for a mistrial based on prejudicial joinder. Second, the defendant contends the presiding justice improperly allowed two state witnesses to testify regarding threats the defendant allegedly made to them after they

had testified before the grand jury. Finding no merit in these assignments of error, we affirm the judgment of the Superior Court.

On February 10, 1983, a York County Grand Jury returned a five-count indictment against the defendant, Blaine Pierce. Counts one through three of the indictment charged the defendant with robbery, aggravated assault, and theft, and stemmed from an alleged criminal episode occurring on or around December 1, 1982. The indictment charged that on that date the defendant assaulted one William Buckley and stole Buckley's automobile and wallet. Counts four and five of the indictment charged the defendant with burglary and theft, and stemmed from an incident occurring on or about November 5, 1982. On that date, the indictment charged, the defendant broke into Mr. Buckley's garage and took his automobile for a brief joyride.

Asserting that trial of the five counts together would work to his prejudice, the defendant, on March 22, 1983, pursuant to Maine Rule of Criminal Procedure 14, moved for separate trials. The defendant argued that the various counts of the indictment charging him with two separate criminal undertakings were joined in violation of Maine Rule of Criminal Procedure 8(a), and should be severed under Rule 14. On April 7, 1983, the motion was denied.[1]

After the prosecution rested at trial, the defendant moved orally for a mistrial. The defendant argued the evidence presented by the state did not establish a proper joinder of the charges against him. Stating "I think there is an evidentiary connection ...", the presiding justice denied the motion.

At trial, the presiding justice allowed the prosecution to elicit testimony concerning threats the defendant allegedly made to two state witnesses approximately one week after they had testified against the

---

**1.** The transcript from the Rule 14 hearing was not presented to us on appeal.

defendant before the grand jury.[2] Initially, the prosecution offered this testimony tending to show the defendant's consciousness of guilt. After the presiding justice determined the probative value of the testimony for this purpose was outweighed by the danger of prejudice, the prosecution argued it was also admissible to prove identity. The court then elected to admit the testimony.

On August 26, 1983, the jury returned a verdict of guilty on counts one through three of the indictment (December 1 incident), and of not guilty on counts four and five (November 5 incident). This appeal follows.

A. Joinder under Rule 8(a) and severance under Rule 14.

Pursuant to Maine Rule of Criminal Procedure 8(a) (1983), two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan." M.R.Crim.P. 8(a). If the offenses charged are connected in any reasonable manner, they are properly joinable. *See State v. Gordon*, 321 A.2d 352, 361 (Me.1974); *see also State v. Bradley*, 414 A.2d 1236, 1238 (Me.1980). *See generally* 3 Glassman, *Maine Practice: Rules of Criminal Procedure* § 8.1, at 89–91 (1967). By allowing joinder of charges, Rule 8(a) fosters judicial efficiency and economy. *See State v. Bradley*, 414 A.2d at 1239.

There is no doubt that the charges against the defendant were properly joined in the instant case. The threshold inquiry under Rule 8(a)—whether there exists any reasonable connection between the charges joined—was easily met. The charges joined in the indictment alleged two criminal incidents involving one victim and the theft of the same automobile. This connection easily satisfies the minimal requirement for joinder under Rule 8(a). The fact that personal violence characterized one episode only is not controlling.

Although joinder of connected charges is permitted, it can create a risk of undue prejudice to the defendant. For example, the jury might consider the defendant a "bad man" because so many charges have been brought against him, and conclude he must have done something wrong. Alternatively, the jury might consider proof of guilt relating to one offense as probative of guilt of another, when such proof would not have been admissible had a separate trial been granted. *See* 1 C. Wright, *Federal Practice & Procedure*, Crim. 2d § 222, at 778 (1982); *see also* M.R.Crim.P. 14 reporter's notes. To guard against these dangers, Maine Rule of Criminal Procedure 14 provides that if it appears a defendant will be prejudiced by an otherwise appropriate joinder of offenses for trial, the court may order separate trials of different counts. M.R.Crim.P. 14 (1983). This rule should be liberally construed to avoid the potential for prejudice which might result from joinder of offenses for a single trial. *See* M.R.Crim.P. 14 reporter's notes; 3 Glassman, *supra*, § 14.1, at 120. The decision to order counts of an indictment tried separately is committed to the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State v. Doody*, 434 A.2d 523, 525 (Me.1981); *State v. Littlefield*, 389 A.2d 16, 19 (Me.1978).

The defendant argues that the Superior Court should have granted his Rule 14 pretrial motion for severance. The defendant reasons that had it not been for the joinder, the jury would not have been able to receive evidence relating to commission of the November incident when considering his innocence or guilt in relation to the December crime.

2. These witnesses testified the defendant telephoned them and threatened, "I'm out to get you and your girlfriend for what she did. I'm going to get you one way or the other."

We disagree. Contrary to the defendant's assertion, a separate trial for counts one through three would not have precluded testimony regarding the November 5 incident. Provided the trial court determines the probative value of the evidence for the purpose offered substantially outweighs the dangers set forth in Maine Rule of Evidence 403,[3] evidence of other crimes, wrongs, or acts which the court finds is offered for a purpose distinct from showing the defendant's "bad character" is properly admissible at trial. *See Pierce v. State*, 463 A.2d 756, 761 and n. 1 (Me.1983); *State v. Cyr*, 389 A.2d 834, 837 n. 2 (Me. 1978); M.R.Evid. 404(b) adviser's notes. For example, evidence of another crime may come in as proof of motive, intent, opportunity, common scheme, identity, or absence of mistake. *See, e.g., State v. Bradley*, 414 A.2d at 1239; *State v. Aubut*, 261 A.2d 48, 52 (Me.1970). The defendant did not provide us with a transcript of the motion hearing or request the motion justice to make findings of fact. Therefore, we assume the court found all facts necessary to its decision in favor of the prevailing party. *See State v. Garland*, 445 A.2d 1021, 1022 (Me.1982); *State v. Cefalo*, 396 A.2d 233, 239 n. 12 (Me.1979). Accordingly, the defendant has failed to demonstrate an abuse of discretion in the denial of the pretrial motion to sever.

■ The defendant also assigns as error the Superior Court's denial of his motion for mistrial made after the prosecution rested at trial. The defendant argues the state's evidence did not establish the necessary evidentiary connection to justify the joinder of the charges against him. If the prejudice resulting from joinder becomes manifest during trial and, in the view of the court, such prejudice cannot be cured by appropriate instructions, the presiding justice may grant a motion for a mistrial. *See State v. Bradley*, 414 A.2d at 1240. We find no abuse of discretion in the refusal to grant a mistrial in this instance. The presiding justice, in denying the motion, found, "there is an evidentiary connection." The evidence adduced by the prosecution supports this finding. The victim, the automobile taken, and the method of entry into the victim's garage was the same in both incidents. Moreover, an accomplice in the December robbery testified that during the course of the robbery the defendant stated "the keys were in [the car] the last time ... [I] took it." Therefore, had separate trials been granted, evidence of one incident could have been admitted at the trial for the other as proof of common scheme, intent, identity, or modus operandi. Because separate trials would have provided the defendant no tangible advantage, he was not prejudiced by joinder of the offenses for a single trial. The motion for a mistrial was properly denied.

### B. Admission of the Threats.

■ Evidence of threats made by a criminally accused to witnesses testifying against him are not admissible to show the defendant's bad character. M.R.Evid. 404(b).[4] If, however, the presiding justice determines that such evidence is relevant and more probative than prejudicial, confusing, misleading, or cumulative, and that the evidence is offered for a purpose other than establishing character, he may, in his discretion, admit the testimony regarding threats. M.R.Evid. 401, 403, 404(b); *see*

---

3. M.R.Evid. 403 (1983) provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Rule 403 determination of whether the probative value of certain evidence is substantially outweighed by prejudicial effect is a matter within the sound discretion of the trial court. *State v. McEachern*, 431 A.2d 39, 44 (Me.1981); *State v. Lagasse*, 410 A.2d 537, 541 (Me.1980).

4. Rule 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith."

*Pierce v. State,* 463 A.2d at 761 and n. 1; *State v. Cyr,* 389 A.2d at 837 n. 2.

Previously, we have recognized that evidence of threats made by a defendant to witnesses against him may be admitted to show the defendant's consciousness of guilt. *State v. McEachern,* 431 A.2d 39, 43–44 (Me.1981); *see McCormick's Handbook on the Law of Evidence* § 273, at 660 (2d ed. 1972). Although the evidence was excluded as unduly prejudicial for this purpose alone, we cannot say it was error to admit the evidence relating to the threats for the purpose of showing consciousness of guilt *and* identity, when, as here, the identity of the perpetrator of the crimes was the ultimate issue for resolution at trial. *See United States v. DeVaughn,* 601 F.2d 42, 46 (2d Cir.1979) (evidence of other acts tending to establish identity inadmissible when identity of perpetrator is not in issue).

The entry is:

Judgment affirmed.

All concurring.