**STATE of Maine**

v.

**Joseph NYE.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1986.
Decided Oct. 24, 1986.

John R. Atwood (orally), Dist. Atty., Rockland, for plaintiff.

Jura Burdinik (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Joseph Nye appeals from a judgment entered upon a jury verdict in the Superior Court (Knox County) convicting him of two counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1985), and one count of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1985). On appeal, the defendant contends that it was error for the Superior Court to admit evidence regarding the defendant's alleged complicity in causing the victim to be absent from the State at the time of trial, and that the admission of such evidence was in effect a violation of a prior court order that denied joinder of the sexual abuse offenses with other pending charges relating to the obstruction of justice. We find no merit in either of the defendant's claims and affirm his conviction.

Evidence was presented at trial that the defendant had sexually abused his thirteen year old daughter. After confiding in an older friend, the victim reported the abuse to the Department of Human Services. The Department subsequently assumed custody of the victim and placed her in a foster home. The defendant was charged with four counts of unlawful sexual contact (later reduced to two counts) and one count of gross sexual misconduct. A jury was selected and the trial date was set for April 16, 1985.

Prior to trial, however, the victim was flown to New Jersey to stay with the defendant's sister. When the child (the State's primary witness) failed to appear at trial, the State moved for either a continuance or a mistrial. At an evidentiary hearing on the State's motions, the defendant and his wife testified that they neither knew of the whereabouts of their daughter nor assisted in her disappearance. After the Superior Court granted the State's motion to continue, the defendant, his wife, and the victim's former foster mother were each indicted on charges relating to the disappearance of the victim. The defendant was charged with one count each of hindering apprehension or prosecution (17–A M.R.S.A. § 753 (1983)), tampering with a witness, informant or victim (17–A M.R.S.A. § 454 (Supp.1985)) and perjury (17–A M.R.S.A. § 451 (1983)).

The defendant filed motions in limine to limit the admission of evidence bearing on his "consciousness of guilt," i.e., relating to the events surrounding the disappearance of the victim at the time of trial, which were subsequently denied. The Superior Court also denied the State's motion to join the sexual abuse charges with the hindering apprehension, victim tampering and perjury charges. At trial on the sexual abuse offenses, the Superior Court admitted evidence regarding the defendant's involvement in the disappearance of the victim, finding such evidence to be relevant regarding the defendant's consciousness of

guilt. The jury returned a verdict of guilty on all three of the sexual abuse counts and this timely appeal followed.

The defendant first argues that evidence of the defendant's alleged involvement in causing his daughter to be absent from the trial should have been excluded as either not relevant or on the ground that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice to him. *See* M.R.Evid. 403. This argument is without merit. We first point out that the admissibility of evidence is within the sound discretion of the trial justice. *State v. Thompson*, 503 A.2d 228, 231 (Me.1986). " '[T]he determination of relevance and the determination [whether] the probative value of the evidence is outweighed by its danger of unfair prejudice are reviewed on appeal only for abuse of that discretion.' " *Id.*, quoting *State v. Conlogue*, 474 A.2d 167, 170 (Me.1984) (footnotes omitted). We conclude that the trial justice acted well within his discretion in the application of Rules 401 and 403.

■ Evidence regarding one's involvement in causing a primary adverse witness to be unavailable for trial is clearly relevant. *See, e.g., State v. Lambert*, 104 Me. 394, 397, 71 A. 1092, 1093 (1908). Indeed, it is difficult to imagine a clearer manifestation of one's consciousness of guilt. The evidence here in controversy tends to make the existence of the defendant's consciousness of guilt regarding the sexual abuse of his daughter—clearly a fact of consequence in determining the guilt or innocence of the defendant—more probable than it would be without the evidence. It is therefore relevant as that term is defined in M.R.Evid. 401. *See also State v. Thompson, supra*, 503 A.2d at 231 (evidence of what transpired before or after the incident in issue admissible to establish intent or other relevant state of mind).

■ Moreover, although this evidence is unquestionably damaging, we discern no resulting *unfair* prejudice to the defendant and determine that the trial justice did not exceed the bounds of his discretion in concluding that "the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice." The defendant further contends that the evidence was so collateral that its probative value was substantially outweighed by the danger of confusion of the issues and of its potential for misleading the jury so as to require exclusion under M.R.Evid. 403. We find no error in the manner in which the trial justice balanced the competing interests embodied by the rule. The wisdom of Rule 403 allows the judge to exercise discretion as to whether this relevant evidence would result in unfair prejudice, confusion of the issues, misleading the jury, or any of the other dangers contemplated by that rule. The trial justice acted clearly within his discretion.[1]

■ The defendant further contends that the admission of evidence regarding the defendant's alleged efforts in causing the victim to be absent on the date set for trial in practical effect constituted a joinder of the tampering, hindering and perjury charges with the sexual abuse offenses in violation of the court's prior order denying such joinder.[2] Since the defendant was not placed on trial for these other pending charges, it is clear that no joinder in fact occurred. We therefore interpret the defendant's argument to be that by admitting evidence of the conduct on which these charges were based, the presiding justice improperly deprived him of the prophylactic exclusionary benefits of the prior ruling that ordered the cases to be tried separately. This argument lacks merit. Nothing in the prior Superior Court ruling denying

1. The defendant's contention that the evidence giving rise to an inference of consciousness of guilt was equally susceptible to a contrary explanation and therefore was inadmissible is also without merit. Because consciousness of guilt is only a permissible inference, whether or not such an inference is to be drawn is for the jury to determine.

2. We note that the prosecution did not present evidence that these other charges were pending.

joinder prohibited the admission of the evidence in question. We are also satisfied that Rule 404(b) of the Maine Rules of Evidence [3] did not require exclusion of this evidence. Although the rule precludes the admission of "evidence of other crimes, wrongs, or ... acts to prove the character of a person in order to show that he acted in conformity therewith," such evidence is admissible if offered for another purpose that is relevant to an issue in the case. *See Pierce v. State*, 463 A.2d 756, 761 n. 1 (Me.1983) (evidence admissible if offered for another purpose such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or identity). Here, the trial justice admitted the evidence as probative of the defendant's consciousness of guilt, not for the purpose of showing his "bad character" under Rule 404(b). *See State v. Pierce*, 474 A.2d 182, 185 (Me.1984). Because the court found that the evidence was offered for a relevant purpose other than to show the defendant's bad character, the order disallowing joinder of the sexual abuse offenses and the hindering, tampering and perjury charges did not prevent admission of evidence of the collateral misconduct. *See id.; see also State v. Littlefield*, 389 A.2d 16, 19 (Me.1978).

Finding no error in the evidentiary rulings of the presiding justice, we affirm the conviction.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** M.R.Evid. 404(b) provides:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.