**STATE of Maine**

v.

**Frank D. FOURNIER.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1988.

Decided March 6, 1989.

James E. Tierney, Atty. Gen., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Joan M. Koski, Michael K. Crossen (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Frank D. Fournier, appeals from his convictions for murder, 17–A M.R.S.A. § 201(1)(A) (1983),[1] and pos-

1. 17–A M.R.S.A. § 201(1)(A) (1983) provides: 1. A person is guilty of murder if:

session of a firearm by a felon, 15 M.R.S.A. § 393 (1980),[2] after a jury trial in Superior Court (Cumberland County; *Brodrick, J.*). He contends that the court abused its discretion in refusing to sever the possession of a firearm by a felon count from the murder count, and committed error by (1) failing to instruct the jury to limit consideration of the defendant's prior felony conviction to the possession of a firearm charge; (2) denying his motion to suppress; and (3) utilizing a jury verdict form. We affirm the judgment.

The evidence showed that David E. Mooers died in the early morning hours of March 22, 1987, from a gunshot wound to the head. Mooers was killed in Portland in the kitchen of the Mabel Street home shared by Fournier and his girlfriend, Terri. On the night of March 21, Fournier and Terri left Terri's niece to babysit Fournier's daughter and went to The Well, a bar located in Portland. The niece later telephoned Terri at The Well to tell her that Mooers was at the Mabel Street house and wanted to speak with his girlfriend, a friend of Terri's, who was with Fournier and Terri at The Well. Shortly after the phone conversation, Fournier arrived at the Mabel Street home with a .380 caliber semiautomatic pistol, assaulted Mooers, placed the pistol to the back of Mooers' head and pulled the trigger.[3] Mooers died at the scene.

Fournier was indicted for two alternative counts of murder: Count I, 17–A M.R.S.A. § 201(1)(A) (intentional or knowing murder); and Count II, 17–A M.R.S.A. § 201(1)(B) (depraved indifference murder). Count III charged Fournier with possession

of a firearm by a felon. At trial, Fournier's motion for a judgment of acquittal was granted as to Count II and denied as to Counts I and III. The jury returned verdicts of guilty of murder and possession of a firearm by a felon.

## I.

### A.

◼ Fournier's first claim is that he was prejudiced by the court's refusal to sever Count III of the indictment charging him with possession of a firearm by a felon. He filed two motions to sever Count III, both of which were denied (*Alexander, J. and Brodrick, J.*). Two or more offenses may be framed in one indictment if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan." M.R.Crim.P. 8(a). Here the murder charged in Count I was committed with the firearm that is the subject of Count III. The two charges thus meet the "connected in any reasonable manner" standard necessary to satisfy the joinder requirements of M.R.Crim.P. 8(a). *State v. Pierce,* 474 A.2d 182, 184 (Me.1984).

Even though the charges may be sufficiently connected to allow joinder in one indictment under M.R.Crim.P. 8(a), the court has discretion to order a severance of charges "[i]f it appears that a defendant ... is prejudiced by a joinder of offenses in an indictment or information...." M.R. Crim.P. 14. In making a Rule 14 determi-

---

A. He intentionally or knowingly causes the death of another human being.

**2.** 15 M.R.S.A. § 393 (1980) provides in pertinent part:

**1. Possession prohibited.** No person who has been convicted of any crime, under the laws of the United States, the State of Maine or any other state, which is punishable by one year or more imprisonment or any other crime which was committed with the use of a dangerous weapon or of a firearm against a person, except for violation of Title 12, chapter 319, subchapter III, shall own, have in his possession or under his control any firearm, unless such person has obtained a permit un-

der this section. For the purposes of this subsection, a person shall be deemed to have been convicted upon the acceptance of a plea of guilty or nolo contendere or a verdict or finding of guilty by a court of competent jurisdiction.

**3.** Fournier asserts that Terri's niece spoke with him on the phone and told him that Mooers was sexually assaulting her and was threatening to assault Fournier's daughter. Fournier also claims that he shot Mooers by accident. Fournier does not argue on appeal, however, that the evidence was insufficient to convict him of murder and possession of a firearm by a felon.

nation, the court should balance the policy favoring trials of more than one offense against the potential prejudice to the defendant that may result. 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 14.1, at 14–2 (1987).[4]

We review a denial of a motion to sever counts of an indictment for an abuse of discretion. *Pierce,* 474 A.2d at 185; *State v. Doody,* 434 A.2d 523, 525 (Me.1981). In this case, where both charges arose out of the same transaction, the killing of David Mooers with a firearm, severance of the charges would require, in part at least, duplication of evidence at both trials. Fournier presents us with no record of the hearings on the motions to sever, no indication to the extent, if any, that prejudice was argued,[5] and no findings on the issue of prejudice by either motion justice. Nor is there any indication that Fournier requested such findings. We therefore assume that the motion justices found all the necessary facts to support the denial of the motions. *Pierce,* 474 A.2d at 185. The record on appeal does not demonstrate any prejudice other than a claimed general prejudice. Although the charge of possession of a firearm by a felon has the potential for great prejudice to a defendant who is also accused of murder with a firearm,[6] we cannot say as a matter of law, on the basis of the record presented to us, that the court abused its discretion in denying Fournier's motions to sever. *State v. Littlefield,* 389 A.2d 16, 19 (Me.1978).

### B.

■ At trial, the court did not instruct the jury that the evidence of Fournier's prior conviction of possession of a firearm by a felon, admissible as an element of the charge of possession of a firearm by a felon, was to be considered only with respect to that charge. Because Fournier did not request an instruction limiting the jury's consideration of the prior conviction, and did not object to the instructions given by the court, *see* M.R.Crim.P. 30(b), we review his claim of prejudice under the obvious error standard. *State v. Winchenbach,* 501 A.2d 1282, 1286 (Me.1985); M.R. Crim.P. 52(b). The failure of the court to instruct the jury specifically to limit its consideration of the evidence of Fournier's prior conviction, when viewed in the light of the entire instruction, did not " 'so taint[ ] the proceedings as virtually to deprive him of a fair trial.' " *Wichenbach,* 501 A.2d at 1286 (quoting *State v. Pierce,* 438 A.2d 247, 252 (Me.1981)).

### II.

Fournier next contends that the court erred in denying his motion to suppress certain statements he made to Portland police officers at police headquarters soon after the death of Mooers. After a hearing, the motion justice (*Perkins, J.*) denied the motion "[f]or the reasons stated on the record." The transcript of the suppression hearing contains the testimony presented at the hearing but not the findings of the motion justice.

■ As the appellant, Fournier has the burden of providing us with an adequate record on appeal. *State v. Kneeland,* 552 A.2d 4 (Me.1988); *State v. Addington,* 518 A.2d 449, 451 (Me.1986). The absence of the court's findings from the record on appeal allows us to assume that the motion justice found all facts necessary to support his denial of the motion to suppress. *Pierce,* 474 A.2d at 185.

---

4. Joining offenses in a single trial conserves judicial resources, avoids duplicative trials and provides the defendant with a more prompt resolution of the charges. 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 13.1, at 13–2 (1987). *See* 17–A M.R.S.A. § 14; M.R.Crim.P. 13. Balanced against those benefits is the potential prejudice to the defendant. *State v. Pierce,* 474 A.2d 182, 184 (Me.1984).

5. Fournier's written motions to sever relied primarily on the assertion that the charge of pos-

session of a firearm by a felon violated his right under art. I, § 16 of the Maine Constitution (1985 & Supp.1988) to keep and bear arms. This argument is without merit. *State v. Friel,* 508 A.2d 123, 125 (Me.1986), *cert. denied,* 479 U.S. 843, 107 S.Ct. 156, 93 L.Ed.2d 96 (1986).

6. In this case, the crime for which Fournier had been previously convicted was the exact same crime, possession of a firearm by a felon.

■ Moreover, our independent review of the suppression hearing transcript reveals competent evidence to support a finding that Fournier was warned as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that he knowingly and intelligently waived the rights referred to in the warnings, *State v. Knights*, 482 A.2d 436, 440 (Me.1984), and that his statements were voluntary beyond a reasonable doubt. *Id.* at 441. There was no error in denying the defendant's motion to suppress.

### III.

Fournier argues for the first time on appeal that the court's use of a verdict form deprived him of an impartial trial by jury guaranteed by the sixth amendment to the United States Constitution and article I, section 6 of the Maine Constitution.

The court's instructions to the jury were lengthy. In addition to the elements of intentional or knowing murder (17–A M.R.S.A. § 201(1)(A)) and possession of a firearm by a felon (15 M.R.S.A. § 393), the court instructed the jury on murder being reduced to manslaughter because of extreme anger or extreme fear brought about by adequate provocation (17–A M.R.S.A. § 203(1)(B)), the lesser included offense to murder of reckless or criminal negligence manslaughter (17–A M.R.S.A. § 203(1)(A)), and self-defense (17–A M.R.S.A. § 108(2)). In an attempt to make the instructions more understandable, the court used a form entitled "Suggested Jury Verdict Procedure" with five questions for the jury to answer either yes or no.

■ Fournier argues that he was deprived of an impartial trial by jury because, as he contends, the verdict form highlighted certain instructions and omitted others, directed the jury to answer abbreviated phrases that dealt with broad legal concepts, improperly allowed the court to control the jury's deliberation, prevented the jury from considering all of the evidence and improperly led the jury to the guilty verdicts.

In *State v. Heald*, 307 A.2d 188 (Me. 1973), we said that the use of special findings provided for in the Maine Rules of Civil Procedure, *see* M.R.Civ.P. 49, is not compatible with our criminal practice, and that it was error for the trial court to submit questions to a criminal jury requiring the jury to state the reason or reasons for its not-guilty verdict. *Heald*, 307 A.2d at 192.[7]

■ In the instant case, Fournier raised no objection at trial to the use of the verdict form. We therefore review its use for obvious error. *State v. Michaud*, 473 A.2d 399, 404 (Me.1984); M.R.Crim.P. 52(b). We examine all the circumstances of the trial to determine if the court committed "a serious prejudical error tending to produce manifest injustice." *State v. Baker*, 409 A.2d 216, 219 (Me.1979). Contrary to Fournier's contention, this jury verdict form did not "'lead the jurors down the guilty trail.'" *Heald*, 307 A.2d at 193 (quoting *Commonwealth v. Beneficial Finance Co.*, 360 Mass. 188, 275 N.E.2d 33, 97

---

**7.** Criminal verdict forms can be useful when there are multiple defendants, multiple charges or when there are charges with lesser included offenses, but they are best limited to questions of whether the jury finds a defendant guilty or not guilty of a particular charge. *See State v. Thomas*, 507 A.2d 1051, 1053 (Me.1986).

The jury instructions in this case, however, were not so unusually complex as to make necessary the use of this verdict form which required answers of other than "guilty" or "not guilty." Moreover, its use required our careful examination to ensure that Fournier had not been seriously prejudiced.

The power of a criminal jury to deliberate freely and unfettered, and to arrive at a general verdict without having to explain its deliberations should not be infringed. *United States v. Spock*, 416 F.2d 165, 181 (1st Cir.1969). In *Spock*, the United States Court of Appeals observed:

There is no easier way to reach and perhaps force a verdict of guilty than to approach it step by step. A juror wishing to acquit, may be formally catechized. By a progression of questions each of which seems to require an answer unfavorable to the defendant, a reluctant juror may be led to vote for a conviction which, in the large, he would have resisted. The result may be accomplished by a majority of the jury, but the course has been initiated by the judge, and directed by him through the frame of the questions.

*Id.* at 182.

(1971)). Its use did not result in manifest injustice and was not obvious error.

The entry is:

Judgment affirmed.

All concurring.