1998 ME 129

**STATE of Maine**

v.

**Deane R. BROWN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1998.

Decided June 1, 1998.

**514**

Geoffrey Rushlau, District Attorney, Eric J. Walker, Asst. Dist. Atty., Rockland, for State.

Marina K. Whitfield, Albuquerque, NM, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

1. 17–A M.R.S.A. § 651 provides in pertinent part:

1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

A. He recklessly inflicts bodily injury on another;

B. He threatens to use force against any person present with the intent

(1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or

(2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;

C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2),

D. He intentionally inflicts or attempts to inflict bodily injury on another; or

E. He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D.

. . .

2. 17–A M.R.S.A. § 401 provides in pertinent part:

1. A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.

. . .

3. 17–A M.R.S.A. § 353 provides in pertinent part:

LIPEZ, Justice.

[¶ 1] Deane R. Brown appeals from the judgments entered in the Superior Court (Knox County, *Atwood, J.*) following a jury verdict finding him guilty of four counts of robbery (Class A) in violation of 17–A M.R.S.A. § 651 (1983) [1]; eighteen counts of burglary (Classes B and C) in violation of 17–A M.R.S.A. § 401 (1983 & Supp.1997) [2]; and eleven counts of theft (Classes B, C, and E) in violation of 17–A M.R.S.A. § 353 (1983).[3] Brown contends that the thirty-three charges were misjoined in a single indictment; or, alternatively, that the court exceeded the bounds of its discretion in denying his motion for relief from prejudicial joinder pursuant to M.R.Crim. P. 8(d). Brown also appeals directly the sentences imposed as a result of the convictions, contending that the court lacked the authority to impose consecutive sentences pursuant to 17–A M.R.S.A. § 1256 (1983 & Supp.1997).[4] We affirm the judgments and the sentences.

1. A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof. . . .

4. 17–A M.R.S.A. § 1256 provides in pertinent part:

2. [T]he court shall state in the sentence of imprisonment whether a sentence shall be served concurrently with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively:

A. That the convictions are for offenses based on different conduct or arising from different criminal episodes;

B. That the defendant was under a previously imposed suspended or unsuspended sentence and was on probation, under incarceration or on a release program at the time that the person committed the subsequent offense;

C. That the defendant had been released on bail when that person committed a subsequent offense, either pending trial of a previously committed offense or pending the appeal of a previous conviction; or

D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

## I.

[¶ 2] In April 1995 Frank Bowen informed the Rockland police that he, Brown, and several other individuals were responsible for a string of burglaries, thefts, and robberies in Knox County that occurred from October 1994 to April 1995. Following Brown's arrest, a grand jury indicted him on a total of thirty-three[5] offenses stemming from nineteen separate incidents. The single indictment alleged, *inter alia*, that over the course of seven months, Brown had burglarized three homes, eleven businesses, and five churches, and that he had committed various thefts and robberies during the course of most of these burglaries. In August 1995 Brown filed a pretrial motion for relief from joinder of the multiple offenses, which was denied without prejudice. Shortly before the trial was commenced Brown renewed his motion for relief from joinder, which the court once again denied.

[¶ 3] At Brown's jury trial in March 1996, Frank Bowen provided detailed accounts of his participation with Brown in each of the nineteen incidents alleged in Brown's indictment. Bowen testified, *inter alia*, that he and Brown recruited other men to drive them to and from the crime scenes, usually in exchange for proceeds from the stolen loot; that they always wore black clothing during the crimes[6]; that they wore gloves during most of the crimes; that they frequently targeted businesses with safes; that they generally carried police scanners and two-way radios during the crimes; that all of the crimes took place at night, usually between midnight and sunrise; and that during home burglaries they covered the victims' faces with pillows or newspapers. Bowen described each of the nineteen incidents separately and in detail, and his testimony was corroborated by the testimony of the victims of the burglaries, the police officers who investigated the crimes, and other witnesses called by the State.

[¶ 4] At the conclusion of the trial, the court instructed the jury on the elements of each of the charged crimes, and repeatedly cautioned the jurors that they must examine the evidence relevant to each crime separately.[7] The jury found Brown guilty on all counts, and the court entered judgments accordingly. Brown was sentenced to fifty-nine years of imprisonment, which included consecutive terms of imprisonment for eight of the thirty-three counts. Brown filed an application to allow an appeal of his sentence pursuant to M.R.Crim. P. 40(b), which was denied. This direct appeal pursuant to M.R.Crim. P. 37 followed.

## II.

[¶ 5] Brown first argues that because the elements of the various crimes with which he was charged were not identical, joinder pursuant to M.R.Crim. P. 8(a) was improper. He did not raise misjoinder in his pre-trial motions for relief from prejudicial joinder and therefore failed to preserve that objection. *See* M.R.Crim. P. 12(b)(2) (failure to present objection based on defects in the indictment, information, or complaint, other

---

5. The indictment originally contained thirty-four counts, one of which was dismissed for reasons not relevant to this appeal.

6. Bowen testified that on one occasion they wore all white clothing because it had snowed recently.

7. The court warned the jurors to avoid cumulating the evidence and to treat the evidence pertaining to each offense separately:

> Let me emphasize that it's very important that you deliberate on each of these charges separately and that you vote on each of them separately. You must not permit yourselves individually or as a jury to assume or to infer that the defendant is guilty of one or more of the charges because you believe he's guilty of one or others or some of them. The defendant is

entitled to the presumption of innocence of each of these charges, and may not be convicted on any one of them until you are satisfied beyond a reasonable doubt that the State has proven the particular charge.

The court later reiterated this instruction:

> The other instruction I want to emphasize, which I've already indicated before, is that you are going to be deliberating as to each individual count. That means, of course, that you may find the defendant guilty on all counts, you may find the defendant guilty of some, you may find him guilty of some lesser included offense. Or you may find that the defendant is guilty of none of these counts, depending on what you find the facts to be as to each individual count alleged.

than that it fails to show jurisdiction or to charge an offense, by motion before trial constitutes a waiver of that objection); *see also* 1 CLUCHEY & SEITZINGER, MAINE CRIMINAL PRACTICE § 8.4, at III–56 (1993) (citing M.R.Crim.P. 12(b)(2)).

[¶ 6] Brown next contends that even if joinder was permissible pursuant to Rule 8(a), the court nevertheless exceeded the bounds of its discretion by denying his pre-trial motions for relief from joinder because of the risk that the jury would be prejudiced by the sheer number of offenses charged in the indictment. M.R.Crim. P. 8(d) authorizes the court to order separate trials of various counts if it appears that the defendant is prejudiced by an otherwise appropriate joinder of offenses. The denial of a defendant's severance motion pursuant to Rule 8(d) is reviewed for an abuse of discretion, and we will not vacate a decision to deny the motion "unless the case is one in which the potential for confusion or prejudice is obviously serious." *State v. Doody*, 434 A.2d 523, 527 (Me.1981); *see State v. Lakin*, 536 A.2d 1124, 1126 (Me.1988); *see also State v. Pierce*, 474 A.2d 182, 184 (Me.1984); *State v. Littlefield*, 389 A.2d 16, 19 (Me.1978).

[¶ 7] In making a Rule 8(d) determination, "the court should balance the policy favoring trials of more than one offense against the potential prejudice to the defendant that may result." *State v. Fournier*, 554 A.2d 1184, 1187 (Me.1989) (citing 1 CLUCHEY & SEITZINGER, MAINE CRIMINAL PRACTICE § 14.1, at 14–2 (1987)). While we have recognized that "[i]n some egregious case the potential for jury confusion may be so obvious that a presiding Justice would abuse his discretion" by denying a pre-trial motion to sever, we have also recognized that "typically ... it is not apparent from the nature of the crimes charged or the state of the pleadings that a jury, despite proper instruction, will be unable to treat the evidence relevant to each crime separately and distinctly." *Bradley*, 414 A.2d at 1239; *see Littlefield*, 389 A.2d at 19; *Doody*, 434 A.2d at 527.

[¶ 8] Brown failed to make a sufficient showing of a serious risk of prejudice to support his pre-trial motions for relief. Although the instant case is unusual in terms of the number of offenses charged, this fact alone is not dispositive of the joinder issue. *Cf. United States v. Randazzo*, 80 F.3d 623, 629 (1st Cir.1996) (jury confusion from joinder of charges "cannot be proved by simply noting the number of offenses"). Neither the nature of the crimes charged—burglaries, thefts and robberies involving different victims and occurring on different dates and in different locations—nor the state of the pleadings established that a properly instructed jury would be unable to evaluate the evidence pertaining to each distinct count separately. *See Bradley*, 414 A.2d at 1239.

[¶ 9] Although we have recognized that numerous joined charges can create a risk that the jury will infer improperly a defendant's general propensity to commit crimes, *see Pierce*, 474 A.2d at 184, Brown failed to establish that the risk of such juror prejudice was necessarily enlarged by the joinder here. To the extent that the multiple charges suggested that Brown's alleged crime spree constituted a "common scheme or plan" to steal money and property, and to the extent that the evidence relating to those charges revealed a recurring modus operandi, evidence of many or all of his offenses may have been admissible even at separate trials. *See* M.R. Evid. 404(b); *see, e.g., Pierce*, 474 A.2d at 185 (risk of prejudice was not enlarged by joinder; even if separate trials been granted, evidence of other offenses would have been admissible as proof of common scheme, intent, identity, or modus operandi); *Lakin*, 536 A.2d at 1127; *Bradley*, 414 A.2d at 1239; *Littlefield*, 389 A.2d at 19. In these circumstances, we conclude that the court acted within the bounds of its discretion by denying Brown's pretrial motion for relief from prejudicial joinder.

[¶ 10] If Brown believed that a serious risk of juror prejudice arose during the course of the trial, his remedy was to move for a mistrial, particularizing his grounds therefor. *See Bradley*, 414 A.2d at 1240; *see also Pierce*, 474 A.2d at 185 (if prejudice resulting from joinder becomes manifest during trial and cannot be cured by appropriate instructions, the court may grant a motion for a mistrial). He did not do so, and to the

extent a serious risk of juror confusion or prejudice may have developed during the trial—a proposition for which we find no evidence in the record [8]—he failed to preserve any claim of error. *See Bradley*, 414 A.2d at 1240.

### III.

[¶ 11] Brown argues that the court lacked the authority to impose consecutive sentences pursuant to 17–A M.R.S.A. § 1256. In imposing the consecutive sentences, the court expressly found, *inter alia*, that Brown's convictions were based on different conduct or arose from different criminal episodes. *See* 17–A M.R.S.A. § 1256(2)(A). Brown contends that there is an inherent inconsistency in the court's determination that the offenses were subject to joinder pursuant to M.R.Crim. P. 8(a) and its determination that his convictions were 'for offenses based on "different conduct or arising from different criminal episodes" pursuant to section 1256(2)(A).[9]

■ [¶ 12] Pursuant to M.R.Crim. P. 8(a), the joinder of offenses is permitted if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan." M.R.Crim. P. 8(a). The rule promotes judicial efficiency and economy, and has been construed liberally to permit joinder "[i]f the offenses charged are connected in any reasonable manner." *Pierce*, 474 A.2d at 184. Contrary to Brown's contention, there is no inconsistency in a determination that offenses are "of the same or similar character"

or "connected" with one another and a determination that a defendant's convictions were for offenses based on different conduct or arising from different criminal episodes. The record supports the court's determination that Brown's convictions were for offenses based on different conduct or arising from different episodes, and the court did not err in imposing consecutive sentences.

The entry is:

Judgments affirmed. Sentences affirmed.

---

8. We note that the evidence presented during the trial, although voluminous, was not so complicated or overlapping that the jury would be unable to distinguish among the nineteen separate incidents comprising the thirty-three counts. The detailed testimony of Frank Bowen was presented in a clear and logical fashion, and the proof of each discrete crime was uncomplicated and easily segregated into distinguishable factual scenarios in the minds of jurors. Moreover, the court prudently and carefully instructed the jury that it must distinguish among the counts, and that the evidence relevant to each distinct count must be considered separately. *See supra* note 7; *see also Doody*, 434 A.2d at 527; *Bradley*, 414 A.2d at 1239.

9. Brown previously filed an application to allow an appeal of his sentence pursuant to M.R.Crim. P. 40 and 15 M.R.S.A. §§ 2151–2157 (Supp. 1997), which was denied. Contrary to the State's contention, Brown is not precluded from challenging the legality of the sentence in this direct appeal pursuant to M.R.Crim. P. 37. Because a Rule 40 sentence appeal is discretionary in nature and is not an appeal of right, the denial of an application for a Rule 40 sentence appeal does not bar a defendant from alleging a facial illegality in his sentence on direct appeal.