MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2014 ME 138
Docket:      Ken-13-532
Argued:      September 9, 2014
Decided:     December 9, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

HAVIER OLMO

SAUFLEY, C.J.

[¶1]  This appeal requires us to consider the circumstances in which the joinder of criminal charges is unfairly prejudicial to a defendant.  Havier Olmo appeals from a judgment of conviction of two counts of aggravated trafficking of scheduled drugs (Class A), 17-A M.R.S. § 1105-A(1)(E)(1) (2013); three counts of unlawful trafficking in scheduled drugs (Class B), 17-A M.R.S. § 1103(1-A)(A) (2013); escape (Class D), 17-A M.R.S. § 755(1-D)(A) (2013); unlawful possession of scheduled drugs (Class D), 17-A M.R.S. § 1107-A(1)(C) (2013); and unlawful possession of synthetic hallucinogenic drugs (Class D), 17-A M.R.S. § 1119(1) (2013), entered in the Superior Court (Kennebec County, *Mills, J.*) following a jury trial.  The charges arise from events that occurred on four different dates—three dates in mid-July and early August 2012, and one date in late September 2012.

Olmo raises several arguments on appeal. We focus on his argument that the court abused its discretion in denying his motion to sever the counts stemming from the July and August events from the counts stemming from the September events, *see* M.R. Crim. P. 8(d), and we affirm the judgment.

## I. BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the State, the following facts were established at trial. *See State v. Haag*, 2012 ME 94, ¶ 17, 48 A.3d 207.

[¶3]  In July 2012, Detective Duane Cloutier of the Waterville Police Department enlisted two confidential informants to make controlled purchases of illegal substances from individuals in Waterville. On July 17 and 19, 2012, Cloutier observed each confidential informant make a controlled purchase of oxycodone from the same seller. On August 6, 2012, Cloutier observed one of the confidential informants make a controlled purchase of a gram of crack cocaine from the same seller.

[¶4]  On September 28, 2012, Windham Police Officer Todd Burbank executed an arrest warrant for Olmo for charges unrelated to this appeal. Olmo broke free from Burbank and fled; Detective David Caron, however, drew his weapon and ordered Olmo to the ground, and Olmo complied. Burbank searched Olmo and found on Olmo's person what was later confirmed by visual and/or

chemical testing as methylenedioxymethcathinone (commonly known as bath salts), a bag containing ninety-four and one-half thirty-milligram oxycodone pills, a second bag containing two and one-half eight-milligram suboxone pills, and one eight-milligram suboxone sublingual strip. Of the ninety-four and one-half oxycodone pills, ten were marked by a "V" on one side and the numbers forty-eight and twelve on the opposite side, and sixty-seven were marked as "A-215" on one side; these manufacturer's markings matched the markings on the pills purchased by the confidential informants on July 17 and 19.

[¶5] On October 1, 2012, Olmo was charged by a ten-count indictment. The State alleged that Counts I, II, III, and IV (collectively, the small-quantity counts) arose from the events of July 17, July 19, and August 6, 2012, when Olmo was alleged to have sold small quantities of oxycodone and crack cocaine. Counts V, VII, VIII, IX, and X (collectively, the large-quantity counts) arose from the events of September 28, 2012, when Olmo was arrested, briefly absconded from custody before being caught, and was then searched.[1] The court held a three-day jury trial in April of 2013. Before the presentation of witnesses, Olmo moved to sever the small-quantity counts from the large-quantity counts on the ground that the two sets of counts involved allegations of drug trafficking based on different

---

[1] The State dismissed Count VI before trial.

4

and entirely unrelated evidence, and because joinder would be unfairly prejudicial to Olmo.[2] The State argued that, because the evidence involving the large-quantity counts would be admissible in a trial involving the small-quantity counts to show intent, identity, and a common scheme, joinder was appropriate. The court denied Olmo's motion to sever.

[¶6] During the trial, the State presented testimony from seven witnesses. Cloutier and each of the confidential informants identified Olmo as the seller from the small-quantity sales. After the State rested its case, Olmo moved pursuant to M.R. Crim. P. 29(a) for a judgment of acquittal on all counts. The court partially granted the motion as to Count II for aggravated trafficking of scheduled drugs by reducing it to a Class B offense, but denied it as to all other counts. Olmo exercised his right not to testify and did not call any witnesses.

[¶7] After closing arguments and instructions, the jury returned a verdict of not guilty on Count X (theft by receiving stolen property) and guilty on all remaining counts. The court sentenced Olmo to ten years of incarceration on Counts I and III (aggravated trafficking of scheduled drugs); five years of incarceration on Counts II, IV, and V (unlawful trafficking in scheduled drugs), to

---

[2] During the trial, Olmo's counsel carefully preserved his challenge to the joinder. He renewed his motion to sever and also moved for a mistrial on the same grounds; the court denied both motions. After the State rested its case and after the jury verdict, Olmo renewed his motions to sever and for a mistrial. The court also denied these motions. Finally, Olmo moved for a mistrial during the sentencing hearing on the same grounds, which the court again denied.

be served concurrently; and six months of incarceration on Counts VII (escape), VIII (unlawful possession of scheduled drug), and IX (unlawful possession of synthetic hallucinogenics), also to be served concurrently; no portions of the sentences were suspended. The court also ordered Olmo to pay $3,200 in fines.

[¶8] Olmo timely appealed from the conviction and the sentence pursuant to 15 M.R.S. §§ 2115, 2151 (2013) and M.R. App. P. 2(b)(2)(A). On January 8, 2014, the Sentence Review Panel denied Olmo leave to appeal from the sentence. *See* 15 M.R.S. § 2152 (2013).

## II. DISCUSSION

[¶9] We are unpersuaded by Olmo's contentions that the evidence at trial was insufficient to sustain his convictions, *see State v. McFarland*, 369 A.2d 227, 229 (Me. 1977), and that the court erred in denying his request for an instruction on criminal attempt with respect to the escape charge, *see State v. Jones*, 2012 ME 88, ¶ 6, 46 A.3d 1125. We do not discuss these arguments further.

[¶10] We focus on Olmo's contention that the court abused its discretion in denying his motion to sever the small-quantity counts from the large-quantity counts, which Olmo argues resulted in unfair prejudice. "[W]e review the court's decision to deny a motion for severance for an abuse of discretion and will not vacate a decision to deny a motion 'unless the case is one in which the potential for confusion or prejudice is obviously serious.'" *State v. Lemay*, 2012 ME 86, ¶ 22,

6

46 A.3d 1113 (quoting *State v. Pierce*, 2001 ME 14, ¶ 12, 770 A.2d 630 (citation omitted)).

[¶11]  Pursuant to Maine Rule of Criminal Procedure 8(a),

> Two or more crimes *should* be charged in the same indictment . . . in a separate count for each crime if the crimes charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan.

(Emphasis added.)  Thus, "[i]f the [criminal] offenses charged are connected in any reasonable manner, they are properly joinable." *State v. Pierce*, 474 A.2d 182, 184 (1984).

[¶12]  Joinder of connected charges may, however, create a danger of undue prejudice to the defendant.  *Id.*  To protect against this danger, Maine Rule of Criminal Procedure Rule 8(d) provides,

> If it appears that a defendant . . . is prejudiced by a joinder of offenses against a single defendant . . . the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires, including ordering multiple simultaneous trials.

*See Lemay*, 2012 ME 86, ¶ 22, 46 A.3d 1113 (holding that a court may order separate trials of offenses "if it appears that the defendant is prejudiced by an otherwise-appropriate joinder of offenses").  Nonetheless, joinder is the rule rather than the exception; the party moving for severance bears the significant burden of showing that joinder is so prejudicial that it outweighs the benefits associated with

joinder—namely, judicial economy and swift resolution of the charges. *See id.* ¶ 23; *State v. Boucher*, 1998 ME 209, ¶ 9, 718 A.2d 1092; *see also United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008) ("Garden variety prejudice . . . will not, in and of itself, warrant severance. The defendant must demonstrate that the prejudicial joinder likely deprived him of a fair trial." (citation omitted)); *United States v. Baltas*, 236 F.3d 27, 33 (1st Cir. 2001) (stating that reversal is only appropriate where the defendant makes a "strong showing of evident prejudice" (citation omitted)).

[¶13] We have identified three types of prejudice that can result from a joinder of charges:

> (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict of him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

*Lemay,* 2012 ME 86, ¶ 23, 46 A.3d 1113 (quoting *United States v. Jordan,* 112 F.3d 14, 16 (1st Cir. 1997)). Olmo frames his severance argument in terms of the second type of prejudice—an argument based on a theory of "evidentiary spillover." *Richardson*, 515 F.3d at 82. Thus, the primary issue before us is

8

whether evidence from the large-quantity counts would have been inadmissible in a separate trial for the small-quantity counts.

[¶14] Olmo argues that Maine Rule of Evidence 404(b) makes evidence of the drugs found on his person after he was arrested and searched in September (the basis for the large-quantity counts) inadmissible propensity evidence that would not have been admissible in a separate trial concerning Olmo's alleged drug trafficking in mid-July and early August (the basis for the small-quantity counts). Alternatively, Olmo argues that the probative value of the evidence from the large-quantity counts is substantially outweighed by the danger of unfair prejudice pursuant to Maine Rule of Evidence 403. We disagree.[3]

[¶15] The court correctly concluded that the evidence found on Olmo's person in September would have been admissible evidence of "other crimes, wrongs, or acts" to demonstrate Olmo's identity and common scheme of drug trafficking in mid-July and early August. *See* M.R. Evid. 404(b). The theory of the State's case was that Olmo was engaged in an ongoing business of selling oxycodone, suboxone, and bath salts—a common scheme. *See U.S. v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000) ("Regardless of whether both sets of charges involve the presentation of the same evidence, the fact that one illegal activity

---

[3] Because we conclude that the evidence in this case would have been admissible in separate trials, we do not reach the question of whether the admission in a joint trial of evidence that would be inadmissible in separate trials always creates the type of unfair prejudice that would compel severance.

provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes."). Although the large- and small-quantity offenses vary in several respects, they are connected by details that are probative of a common scheme of trafficking in specific types of controlled substances. The State presented evidence that when he was arrested in September, Olmo had on his person ninety-four and one-half oxycodone pills and that seventy-seven of those pills matched—in chemical composition or manufacturer's markings—the pills that were sold to the informants in July. Further, Olmo contested whether the State established his identity as the seller for purposes of the small-quantity counts. Olmo's possession of identical tablets less than two months later was probative of the fact that Olmo was the seller on the July and August dates.

[¶16] Olmo separately insists pursuant to Rule 403 that joinder was unfairly prejudicial to him because there was a substantial risk that the jury would convict him on the small-quantity counts simply based on the evidence relating to the large-quantity counts. We recognize that "[s]ome risk of confusion of the factfinder may be present in any case where somewhat similar offenses are prosecuted in one proceeding." *State v. Doody*, 434 A.2d 523, 527 (Me. 1981). *See also Lemay*, 2012 ME 86, ¶ 24, 46 A.3d 1113 ("[T]he sheer number of charges or the possibility of juror confusion is not inherently prejudicial."). Here, the court's limiting instruction to the jury to consider the evidence separately as to

each count substantially alleviated any risk of unfair prejudice to Olmo. *See Baltas*, 236 F.3d at 34 (noting that an appropriate limiting instruction provides an adequate safeguard against evidentiary spillover prejudice). "In some egregious case the potential for jury confusion may be so obvious that [the court] would abuse [its] discretion by refusing to grant a . . . motion for severance." *State v. Bradley*, 414 A.2d 1236, 1239 (Me. 1980). This is not such a case.

[¶17] Under these circumstances, Olmo has failed to make the necessary showing of unfair prejudice required to warrant severance. The court did not abuse its discretion in denying Olmo relief from joinder pursuant to M.R. Crim. P. 8(d).

The entry is:

> Judgment affirmed.

---

**On the briefs:**

> Verne E. Paradie, Jr., Esq., Paradie, Sherman, Walker & Worden, Lewiston, for appellant Havier Olmo

> Maeghan Maloney, District Attorney, and Fernand LaRochelle, Dep. Dist. Atty., Kennebec County District Attorney, Augusta, for appellee State of Maine

**At oral argument:**

> Verne E. Paradie, Jr., Esq., for appellant Havier Olmo

> Fernand LaRochelle, Dep. Dist. Atty., for appellee State of Maine

Kennebec County Superior Court docket number CR-2012-799
<small>FOR CLERK REFERENCE ONLY</small>