STATE OF MAINE
KENNEBEC, ss.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NO. CD-CR-16-1233

STATE OF MAINE

v.

**ORDER ON DEFENDANT'S
MOTION FOR RELIEF FROM
PREJUDICIAL JOINDER**

THURLOW MASON,
    Defendant

This matter came before the Court on 9/27/16 with respect to the Defendant's Motion For Relief From Prejudicial Joinder pursuant to Rule 8(d) of the Maine Rules of Unified Criminal Procedure. Specifically, the Defendant seeks to sever Count II of the indictment charging Defendant with OUI Class D from Count I charging Defendant with Domestic Violence Criminal Threatening Class C and Count III charging Defendant with Criminal Mischief, Class D. The three offenses all occurred on the same date in Augusta, Maine. The alleged victim in Counts I and III presumably will be called as a witness concerning Defendant's sobriety on the night in question, whether Defendant was operating a motor vehicle, etc., with respect to Count II.

For the reasons articulated below the Court **denies** Defendant's Motion for Relief From Prejudicial Joinder:

1. On the one hand, the rule governing joinder of charges is construed broadly, and the Law Court has held it will uphold joinder if the offenses charged are connected in any reasonable manner. M.R.Crim. P. 8(c); *State v. Lemay, 2012 ME 86.*

2. On the other hand, the Law Court has also held that the rule permitting severance of charges for which joinder is otherwise appropriate is to be construed liberally in order to adequately protect a defendant from undue prejudice. *Id.;* M.R. Unified Crim. P. 8(c).

3. The undersigned is supposed to balance the advantages that result from joinder--namely, judicial economy and swift resolution for the defendant--against the potential for prejudice for the defendant. *State v. Pierce, 2001 ME 14.*

4. Three specific types of prejudice have been recognized resulting from a joinder of charges: (1) the defendant may become embarrassed or confounded in

presenting separate defenses; (2) proof that the defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither. *United States v. Jordan, 112 F.3d 14 (1st Cir. 1997).*

5. The sheer number of charges or the possibility of juror confusion is not inherently prejudicial, *State v. Brown, 1998 ME 129.*

6. The Court finds that there is a very substantial connection between Counts I and III and Count II. A limiting instruction can be given to the jury that would mitigate the potential for prejudice.[1] *See State v. Lemay,* 2012 ME 86.

7. The Court also finds that Defendant has made an insufficient showing of any of the specific types of prejudice outlined above that would justify the Court to sever Count II from the other two Counts, and accordingly the Motion should be, and is **denied.**

Date: 11/1/2016

BY _____
Robert E. Mullen, Deputy Chief Justice
Maine Superior Court

---

[1] *See* Instruction § 6-3, Alexander, *Maine Jury Instruction Manual* (2014).

STATE OF MAINE

v.

**ORDER ON DEFENDANT'S
MOTION TO SUPPRESS**

THURLOW MASON,
    Defendant

This matter came before the undersigned on 9/27/16 with respect to Defendant's Motion To Suppress filed 8/16/16. After hearing, and after the Court has had an opportunity to review relevant case law and statutes, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Order** set forth below is based:

## I. Findings of Fact:

1. On or about May 29, 2016 at approximately 8:53 p.m. Officer Lowell of the Augusta Police Department was dispatched to 66 Court Street in Augusta, Maine to investigate a call concerning a possible disturbance at that address.

2. The officer was told that an occupant of the residence had "escaped" through a window of the residence in an effort to get away from the Defendant and had made her way to the local jail to complain.

3. Upon arrival at the residence the officer observed the Defendant sitting in a vehicle. The Defendant was addressing cuts on his hand. The Defendant had bloodshot, watery eyes and his speech was slow and slurred. There was an odor of alcohol coming from the vehicle. Defendant acknowledged that Defendant had consumed one beer previously in the evening.

4. The officer administered the Horizontal Gaze Nystagmus test and witnessed cues from the Defendant concerning Defendant's sobriety. The officer also administered the so-called "one leg stand test" as well as the "heel to toe test" to the Defendant. The Defendant's performance on these two tests also called into question Defendant's sobriety.

5. Although it was not mentioned in the officer's report, the officer testified at the suppression hearing that Defendant acknowledged that

Defendant had operated the motor vehicle in question. Furthermore, the officer testified that the alleged victim had told law enforcement that Defendant had driven to her residence earlier in the evening, was intoxicated, and then driven away, only to drive back a second time to the residence.

## II. Conclusions of Law:

6. The probable cause standard for requiring a person to take a blood alcohol test has a very low threshold. A person is guilty of operating under the influence if his or her senses are "impaired however slightly" or "to any extent" by the alcohol that person has had to drink. For there to be probable cause to arrest someone for operating under the influence, therefore, an officer must have probable cause to believe that the person's senses are affected to the slightest degree, or to any extent, by the alcohol that person has had to drink. A reasonable suspicion to support probable cause can exist independent of any evidence of actual impaired driving. *See State v. Eastman*, 1997 ME 39, P9, 691 A.2d 179, 182; *State v. Wood*, 662 A.2d 919, 920-921 (Me. 1995); *State v. Webster*, 2000 ME 115; *State v. Morrison*, 2015 ME 153.

7. Here the Defendant was behind the wheel of a motor vehicle, exhibited classic signs of intoxication, and acknowledged drinking one beer earlier. When performing field sobriety tests the Defendant exhibited "cues" that were consistent with intoxication. According to the officer's testimony Defendant admitted to operating the motor vehicle. Clearly the probable cause standard was met.

8. Accordingly, the Defendant's Motion to Suppress is **denied.**

Date: 11/1/2016

BY _____

Robert E. Mullen, Deputy Chief Justice
Maine Superior Court

2